WALSH, APPELLANT, *v.* BOARD OF TRUSTEES OF HELENA SCHOOL DISTRICT NUMBER ONE, RESPONDENT.

[Submitted December 18, 1895. Decided January 13, 1896.]

CONTRACTS—*Consideration—Recission.*—An attorney-at-law who proposes to assist in defending a school board in the trial of a suit for a certain sum, and who renders his services with the knowledge of the board, cannot withdraw his proposition after the completion of the trial, though his proposition had never been formally accepted by the board.

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION to recover for professional services. Judgment was rendered for the defendant below by HUNT, J. Affirmed.

- Statement of the case by the justice delivering the opinion.

The plaintiff brought this action to recover on *quantum meruit* for professional services rendered to the defendant in trying a lawsuit. He sued for $1,000. There seems to be no dispute but that this sum was reasonable. The defense of the school board, however, was that they had an agreement with the plaintiff to try the lawsuit for a sum not exceeding $300. This $300, it appeared, had been paid. Judgment was therefore in favor of the defendant board. Plaintiff appeals.

*Henry C. Smith,* for Appellant.

*T. J. Walsh, in pro per.*

An express contract can be made with a school board only when it is in session, even though every member of the board assents outside. (*Kane* v. *School District*, 48 Mo. App. 408; *Aikman* v. *School District*, 27 Kan. 129; *Mincer* v. *School District*, Id. 253; *Herrington* v. *School District*, 47 Ia. 11; *Ohio* v. *Treasurer*, 22 Ohio St. 144; *People* v. *Peters*, 4 Neb. 254; *School District* v. *Bennett*, 13 S. W. 132; *Andrews* v. *Otter Tail Co.*, 33 N. W. 217; *Mulford* v. *Powers*, 26 N. E. 484; *Doyle* v. *Gill*, 59 Wis. 518; *McCortle* v. *Bates*, 29 Ohio St. 419; *Church* v. *Van Dusen*, 37 Wis. 54; *Denison* v. *Austin*, 15 Wis. 334; *Penn* v. *Board*, 20 W. Va. 360; *School District* v. *Fuess*, 98 Pa. St. 600-606; *Nason* v. *Directors*, 126 Pa. St. 445.) If the alleged contract was not binding on the district it was not binding on the other party. (*Fluty* v. *School District*, 4 S. W. 278.) The statute expressly provided that "*all* proceedings of the board shall be recorded in a book to be kept for that purpose." (Sec. 1884, 5th Div. Gen. Laws.) In the face of such a statute no evidence but the record is competent to show the proceedings of the board. (*State* v. *C. R. Co.*, 30 Pac. 887; *Reclamation District* v. *Wilcox*, 14 Pac. 843; *Morrison* v. *City*, 98 Mass. 219; *Stewart* v. *City*, 79 Mo. 611; *County* v. *Wood*, 84 Mo. 516; *Moore* v. *Newfield*, 4 Greenl. 44; *Jordan* v. *School District*, 38 Me. 164; *Sherwin* v. *Bugteel* 17 Vt. 337; *Penn* v. *Board*, 20 W. Va. 360; *Crump* v. *Board*, 52 Miss. 107; *Board* v. *Chitwood*, 8 Ind. 504; *Cascade* v. *Lewis*, 43 Pa. St. 318; *School District* v. *Mercer*, 9 At. 64.) It was, therefore, error to admit the parol evidence. Some action, formal or informal, on the part of the board, must be shown to bind any one. (*Butler* v. *School District*, 24 At. 308; *Nason* v. *Directors*, 126 Pa. St. 445; *Schumm* v. *Seymour*, 24 N. J. E. 153; *Dey* v. *Jersey City*, 4 C. E. Green, 412.) So, even if the board had formally approved, ratified and confirmed the course of the individual trustees, the plaintiff would have to be notified of their action before he could be held to have contracted with them. (*Richardson* v. *School District*, 38 Vt. 602.)

*Walsh & Newman*, for Respondent.

A contract will be valid although no record thereof is made. (*Bellmeyer* v. *Independent District*, 44 Ia. 564; *Athearn* v. *Independent District*, 33 Ia. 105.) If the action of the school board in relation to the employment of the plaintiff was not in accordance with the law, the plaintiff cannot take advantage of it or repudiate his agreement. (*School Directors* v. *McBride*, 22 Pa. St. 215.) Where a contract is entered into by a member of the school board and the matter is brought to the attention of the other members and the board acquiesces therein, it therefore ratifies and affirms the contract. (*Hull* v. *Independent Dist.*, 48 N. W. 82; *Hull* v. *Independent Dist.*, 46 N. W. 1053; *Sullivan* v. *School Dist.*, 18 Pac. 287; *Sullivan* v. *School Dist.*, 28 Pac. 1141; *Bellows* v. *West Fork Dist.* 30 N. W. 582; *Lawrence* v. *Trainer*, 27 N. E. 197.) A party dealing with a municipal body, including school districts, is bound to see to it that all the mandatory provisions of law are complied with, and if he neglects such precaution he becomes a mere volunteer and must suffer the consequences. (*Town of Durango* v. *Pennington*, 7 Pac. 14; *Zolman* v. *San Francisco*, 20 Cal. 96; *Streckert* v. *East Saginaw*, 22 Mich. 104; *Wallace* v. *San Jose*, 29 Cal. 180; *Bank of U. S.* v. *Dantridge*, 12 Wheat. 64; *Daily* v. *San Francisco*, 13 Pac. 321; *Sioux City* v. *Weir*, 12 N. W. 768; *Union School Township* v. *Bank*, 2 N. E. 194.)

DE WITT, J.—If the plaintiff and the board had agreed that Mr. Walsh should render his services, and that the board should pay him therefor $300, this judgment must be affirmed. We think it is perfectly clear in the case that Mr. Walsh offered to help try the lawsuit mentioned for a sum not to exceed $300. Appellant argues, however, that there was no official action of the board making such a contract with him. It probably is true that the board, in session, did not officially make such contract. The negotiations were carried on largely through the county attorney, who was the official counsel for the board. Mr. Walsh participated in the trial of the case,

which lasted for many weeks. He made his proposition to render these services for a sum not over $300; and, while there is some conflict in the testimony between the plaintiff and the chairman of the board as to whether Mr. Walsh withdrew this offer before the completion of his services in the trial of the case, we think there is sufficient in the record to sustain the finding of the lower court that the plaintiff did not withdraw his offer until after the services were wholly rendered. He remained in the case throughout the whole trial, and the board allowed him to go on with the services after he had made the $300 proposition.

We are clearly of the opinion that, the proposition by the plaintiff being made, and his rendering his services with the knowledge of the members of the board, he could not withdraw that proposition after the services were completed. For all that appears in the testimony, the plaintiff's only attempt to withdraw the $300 proposition, and to arrange for a larger compensation, was after the services were completed. The chairman of the board of trustees testified that, as they already had assistant counsel, they would not have employed another assistant for a sum greater than $300. The plaintiff was unfortunate in getting himself into a position to render very extended and valuable services for a compensation which is conceded, and which appears to us, to be very inadequate. But, under the facts as they appeared to the district court, we think the testimony was sufficient to sustain the judgment of that court, and the same must therefore be affirmed.

*Affirmed.*

PEMBERTON, C. J., concurs.

HUNT, J., having tried this case as district judge, does not participate in this decision.