FREMONT W. WILSON, Plaintiff and Respondent *v.* M. R. ASPELUND and C. O. ASPELUND, Individually and d/b/a Meco Sales Company and Ameco Sales Company, Defendants and Appellants.

No. 11643.
Submitted September 18, 1969.
Decided November 7, 1969.
460 P.2d 269.

Larry Persson, argued, Hamilton, for appellants.

Fremont W. Wilson, argued, Missoula, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a summary judgment granting attorney's fees for service rendered by an attorney in an action for an accounting.

On July 12, 1963, Anaconda Building Materials Company filed suit in the fourth judicial district, in and for Missoula County, against M. E. and C. O. Aspelund and their companies, Ameco Sales Company and Meco Sales Company, seeking to recover the sum of $29,006.44. In order to clarify our statement of the facts in this case we will refer to that action as the Anaconda action. We will refer to the Aspelunds, who were the defendants in the Anaconda action and in the present case as the defendants. We will refer to Mr. Wilson, plaintiff herein, by his last name.

When the original counsel in the Anaconda action withdrew, the defendants retained Fremont W. Wilson. A written retainer agreement was executed on November 13, 1963. This agreement provided for compensation of "33⅓ per cent of any mony or property paid, received or collected, by action, compromise or otherwise, upon or in satisfaction of any claim, or recovery made, incident to, or as a result of said services."

On December 20, 1963, Wilson, acting for the defendants, filed an answer and cross-complaint denying Anaconda's claim, and seeking recovery for the defendants in the amount of $757,899. On that same day Wilson submitted 352 interrogatories to Anaconda. In July 1964, Wilson submitted 566 additional interrogatories. On August 3, 1964, he defended those interrogatories against objections made before the court. On April 7, 1965, Wilson filed a supplemental pleading praying for $687,801.04. The trial was set for jury term, but counsel waived jury trial and stipulated to a trial before the court. On May 31, 1967, Wilson submitted 61 additional interrogatories to Anaconda.

The trial commenced June 1, 1967, ran 17 days, concluding on June 29, 1967, with time being given to both parties to submit proposed findings of fact and conclusions of law. During the

trial the defendants offered 41 exhibits, some of which were files containing up to 14 different documents. The court entered findings of fact and conclusions of law on January 19, 1968.

The court's conclusions of law, so far as pertinent here, were as follows:

"I. That the defendants, C. O. Aspelund and M. E. Aspelund, individually and as partners are indebted to the plaintiff [Anaconda] in the sum of $13,740.72.

   *       *       *       *       *       *       *       *

"III. That the defendants are entitled to a setoff or credit against the plainff's [Anaconda] claim in the sum of $12,692.97.

"IV. That the plaintiff [Anaconda] have judgment against the defendant in the sum of $1,047.75.

"V. That each party bear their own cost of suit."

Wilson moved for a new trial on January 29, 1968. The motion was denied on February 5, 1968. Without the knowledge or consent of Wilson the defendants paid the judgment. Anaconda filed its satisfaction of judgment on February 13, 1968.

On March 12, 1968 Wilson filed the present suit against the defendants to recover attorney's fees for services rendered in the Anaconda action. He alleged two claims. One based on the retainer agreement, and the other on a quantum meriut theory of recovery for a reasonable attorney's fee for services rendered in defense of the Anaconda action.

Defendants answered on May 29, 1968 denying the allegations of Wilson and both parties filed motions for summary judgment on September 18, 1968. The defendants submitted a memorandum of authorities to District Judge Jack L. Green who, in an opinion given on November 7, 1968 found that Wilson was entitled to nothing for the affirmative portion of the trial based on his retainer agreement.

The court further said:

"This judge presided at the trial of cause No. 26618 and while most of the trial did concern the claims of the Defend-

ants, this was so intermingled with the defense of the Anaconda claim that it was impossible to segregate the two.

"However, the Court is of the opinion that a fee of ten percent of the reduction of the Anaconda claim or the sum of $2,795.87 would be a fair and equitable fee for Mr. Wilson in defending against the Anaconda claim.

"The Court determines this with full knowledge that under the Minimum Fee Schedule of the Western Montana Bar Association effective in 1963; the sum of $3,650.00 would be due Mr. Wilson.

| | |
|---|---|
| "Appearance for Defendants ...................................... | $ 250.00 |
| "17 days trial at $200 per day .................................. | $3,400.00 |
| | $3,650.00'' |

The court further found that there was no agreement written or oral regarding Wilson's fee for the defense of the Anaconda claims.

Defendants filed exceptions to the court's findings, and these were set for hearing. Wilson then moved for a summary judgment. The defendants disqualified Judge Jack L. Green and Judge Emmet Glore asumed jurisdiction. Judge Glore adopted the previous finding of Judge Jack L. Green as proposed by Wilson and entered judgment accordingly.

Defendants then appealed to this Court.

The issue before this Court on appeal is whether the plaintiff, Wilson, can recover an attorney's fee on either a quantum meriut or any other basis where a retainer contract was in existence.

The position taken by the defendant-appellants is that plaintiff Wilson's contingent fee contract was for the $750,000 cross-complaint filed in the Anaconda suit and that at the time of the signing of the fee contract he was aware that he would be required to defend that action in order to benefit from the larger fee. In support of this argument they rely upon an early case of this Court, Walsh v. Board of Trustees of Helena School

Dist. No. 1, 17 Mont. 413, 43 P. 180. This case is not in point. In the Walsh case, by express agreement the attorney fee was set at $300 and paid in advance, after which the attorney sued for the sum of $1,000 on quantum meriut for additional money. That is not the case here for the defendants received considerable benefit from the service of Wilson even though the countrclaim was dismissed.

This Court in an early case authored by Mr. Justice Holloway, Forrester & MacGinniss v. B. & M. Consol. Copper & Silver Min. Co., 29 Mont. 397, 74 P. 1088, in setting up criteria for attorneys' fees held as follows:

"The authorities are unanimous in holding that the plaintiffs are entitled to recover a reasonable attorney fee, and for the purpose of determining the amount of such fee the following rule has been laid down: 'The circumstances to be considered in determining the compensation to be recovered are the amount and character of the services rendered, the labor, time and trouble involved, the character and importance of the litigation in which the services were rendered, the amount of money or the value of the property to be affected, the profesional skill and experience called for, the character and standing in their profession of the attorneys. * * * The result secured by the services of the attorneys may be considered as an important element in determining their value.' "

It is obvious from Judge Green's finding of fact and conclusions of law, which were adopted by Judge Glore after Judge Green was disqualified, that these were the criteria given consideration in determining the value of the services rendered regardless of the legal theory under which the suit was tried. The trial court properly found for the plaintiff on the basis of labor expended, the time and trouble involved and the character of the litigation. It would have been unconscionable for the defendant-appellants to have prevailed where, as in this case, through the efforts of their attorney a suit for some $29,006.44 was reduced by extended litigation to the sum of $1,047.75.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES and HASWELL and HONORABLE THOMAS DIGNAN, District Judge, sitting in place of MR. JUSTICE BONNER, concur.