WILLIAM MILLAR AND ROBERT MILLAR v. WILLIAM CUDDY.

*Agreement to pay what services are worth—Computation of amount due.*

In a suit for wages a conversation between one of the defendants and a third party is admissible if it belongs to the negotiation which led to hiring the defendant, and tended to show that a fixed amount was to be paid him.

An agreement to pay a servant what the employer thinks he is worth, binds the latter to pay what the services are reasonably worth, and does not leave him to fix his wages at such sum as he sees fit after the services are performed, although such an agreement would be valid if understood.

43 MICH.—35.

It is not error and is in accord with established practice to permit a jury to take to the jury room a computation made by the plaintiff's attorney showing the amount claimed to be due; it is not evidence and the jury are not bound thereby.

Error to the Superior Court of Detroit.    Submitted April 9.    Decided April 14.

ASSUMPSIT.    Defendants bring error.

*George H. Prentis* for plaintiffs in error.

*James H. Pound* for defendant in error.    Verdict will not be set aside merely because the jury were allowed to take to the jury-room a paper setting out a computation of the amount claimed, *Hill v. Robbins* 22 Mich. 475; *Shipman v. Seymour* 40 Mich. 274; *Comstock v. Smith* 20 Mich. 345; *Continental Ins. Co. v. Horton* 28 Mich. 173.

MARSTON, C. J.    We have been unable to discover any error in this case.    The conversation that took place between Brace and one of the plaintiffs was clearly admissible in evidence.    It was the commencement and a part of the conversation or negotiations which led to the employment of the defendant in error.    It had a tendency to show that a fixed amount was to be paid, and was admissible in any view of the case.    On the other hand the defendants below denied that any sum was agreed upon, but that they were to pay him what they thought he was worth to them.    This could not mean that they could, after the services had been performed, fix the compensation at such sum as they pleased. Parties may make such an agreement, but we think this language does not warrant any such view.    If no agreement as to compensation was made, then the law would imply that they should pay what his services were reasonably worth, and the court so instructed the jury. There was no error in the court permitting the jury to take to their room the computation made by the plaintiffs' attorney.    It was but an aid to the jury in esti-

mating the amount due the plaintiff, if they found his theory of the case to be correct. They were in no way bound by it, and they could not consider it as evidence or be misled thereby. To permit the jury to take such a paper was but in accordance with long, well settled practice, and was unobjectionable.

The judgment must be affirmed with costs.

The other Justices concurred.