## CHARLES BUTLER *vs.* WINONA MILL COMPANY.

### July 29, 1881.

**Contract of Hiring—Wages to be fixed by Employer.**— Under a special contract of employment, by which it was left to the defendant to determine and fix the plaintiff's compensation, after the services were performed, at such price and amount as, under all the circumstances, the defendant should consider right and proper, the defendant having determined and fixed the amount pursuant to the contract: *Held*, 1. That in the absence of fraud or bad faith, the amount so fixed is the measure of the compensation to which the plaintiff is entitled.

**Same—Evidence of Fraud.**—2. That the mere fact that the defendant fixed the compensation at an amonnt considerably less than the trial court found, upon the evidence before it, the services were reasonably worth, is not of itself sufficient to justify an inference of fraud or bad faith.

**Same—Presumption that Fact not pleaded was proved without Objection.**—The plaintiff having sued on a *quantum meruit*, and the defendant having set up the special contract, and the court below having found that the defendant performed the special contract, with respect to fixing the amount of the plaintiff's compensation, *held*, that it must be presumed that evidence to prove such performance was introduced on the trial without objection, notwithstanding it is not alleged in the answer.

Appeal by plaintiff from a judgment of the district court for Winona. county, where the action was tried by *Mitchell*, J., a jury being waived.

*Berry & Morey*, for appellant, cited *Van Arman* v. *Byington*, 38 Ill. 443; 1 Parsons Cont. (4th Ed.) 539; 1 Chitty on Contracts, 544; *Bryant* v. *Flight*, 5 Mees. & Wels. 114; *United States* v. *Macdaniel*, 7 Pet. 1; *United States* v. *Ripley*, 7 Pet. 18.

*Wilson & Gale*, for respondent.

CLARK, J.* It appears from the findings of fact in this case that the plaintiff performed services for the defendant corporation, under a contract whereby "it was agreed that plaintiff was to enter the service of the defendant in superintending the mason work of a mill, about to be erected by it, and the amount of the plaintiff's compensation therefor was to be left entirely to the defendant to determine and fix, after the services were performed, at such price and amount as, under all the circumstances, it (defendant) should consider right and proper." It further appears from the findings "that after such services were completed, and before the action was brought, the defendant determined and fixed upon the sum of two and a half dollars per day as the amount of plaintiff's compensation, and as the amount and price thereof, which, under the circumstances, it (defendant) considered right and proper." The further fact is found that the services were reasonably worth four dollars per day. The court below gave judgment for the amount of the compensation at the rate of two and a half dollars per day. The plaintiff claims that he was entitled to a judgment at the rate of four dollars per day.

We think the judgment, as rendered, is correct. The contract was clear and unambiguous. The stipulation that the amount of the compensation should depend upon the judgment and decision of the employer may have been an undesirable one for the plaintiff to consent to; but he nevertheless chose to accept the employment on those terms. The contract was an entirety, and of obligation in all its parts, and the law cannot, after it has been executed, relieve the plaintiff from the consequences of one of its stipulations, which proves to be disadvantageous to him. That would, in effect, be making a new contract for the parties.

*Mitchell, J., having tried the case in the court below, took no part in the decision in this court.

It was the duty of the defendant to determine and fix the amount of the compensation honestly and in good faith, and if it did so fix it, the obligation of the contract was fulfilled so far as that matter is concerned. It is not alleged in the pleadings nor found in the decision that the defendant acted fraudulently or in bad faith, and fraud or bad faith is not to be presumed. The mere fact that the defendant fixed the compensation at an amount considerably less than the learned judge of the trial court found, upon the evidence before him, the services were reasonably worth, is not of itself sufficient to justify an inference of fraud or bad faith.

It is further objected to the judgment that it is not alleged in the answer that the defendant performed the special contract set up, by determining and fixing the amount of the plaintiff's compensation. The objection is deemed not to be well taken. The case is before us upon the pleadings and decision of the court only, and we are bound to assume that the findings of fact were established by evidence introduced without objections. The complaint is on a *quantum meruit* for services. The answer denies the performance of services of any greater value than $231.88, and sets up the special contract, but does not allege that the defendant determined or fixed the amount of compensation. The allegations of new matter are put in issue by the reply. The plaintiff, upon the facts found, must recover, if at all, upon the special contract, and not in strict conformity to the allegations of the complaint; and he is not now in a position to object that performance of the special contract on the part of the defendant with respect to fixing the amount of compensation is not alleged in the answer, the evidence to prove it having been introduced without objection or exception on his part.

Judgment affirmed.