## WALSINGHAM LEE'S APPEAL FROM COMMISSIONERS.

Where a son remains at home and performs services for his father under a general expectation that the latter will compensate him by his will or otherwise, and leaves the amount and mode of compensation to his father's judgment, and the father does in fact make .some provision for the son by will or otherwise, the son is bound by the provision made, whether satisfactory or not.

[Argued October 13th—decided October 23d, 1885.

APPEAL from doings of the commissioners on the estate of Mortimer F. Lee, in disallowing a claim of the appellant; taken to the Superior Court in Hartford County, and tried to the jury in that court before *Sanford*, *J.*  Verdict for the appellant, and appeal to this court by the appellee. The case is fully stated in the opinion.

*F. L. Hungerford*, for the present appellant.

*A. P. Hyde* and *J J. Jennings*, for the present appellee.

PARK, C. J.　On the trial of this case in the court below the plaintiff offered evidence to prove, and claimed that he had proved, that he lived at home with his father and mother till he became of age, when he desired to have some understanding regarding the wages he should receive if he remained at home; that his father told him that he was working for his, the son's, interest as well as his own; that it would be better for him to remain at home, and that when he, the father, died, the son would have everything; that relying upon this assurance he remained at home during most of the time for the eight years next following, laboring for his father upon his farm and assisting him about his business; that his father never made him any compensation in his life time and left him nothing of value by his will; and that therefore his estate was indebted to him for his services.

On the other hand the defendant offered evidence to prove, and claimed that she had proved, that the father was a man of moderate means, not worth more than five thousand dollars when his son became of age, and at the time of his decease; that he was a hard working, industrious man; that both he and his wife were attached to the plaintiff as an only child; that the wife was wholly without means of support; that the son remained at home after his majority under an expectation that his father would make provision for him by will or otherwise; that there was no express agreement as to what such provision should be, or how it should be made; that there was no expectation on the part of the son that his father would leave him his entire estate to the exclusion of his mother; that the son had confidence in the integrity and justice of his father, and was willing to leave it for him to do what was right to compensate him by his will or otherwise for his services, and to reimburse him for the money expended and loaned as stated in the plaintiff's bill; that after the son became of age he worked in a factory for a considerable time for his own benefit, and also engaged in private business on his own account; that he went to school at the expense of his father, and finally mar-

ried in 1878 and left home, and from that time ceased to perform any services for his father; that down to the time of his marriage, except when away at school, he lived in his father's family as a member of it without paying board, and that the father just before his death gave him a deed of land worth about three hundred dollars, and also made valuable provision for him in his will.

Upon the case thus presented the defendant asked the court to charge the jury as follows: " That if the son remained at home and performed services and expended money under a general expectation that his father would make it right, by will or otherwise, when he died, and left it to his father's judgment what would be right, and what provision should be made, and how it should be made, and the father did in fact make provision for his son, by will or otherwise, then the son was bound by the provision thus made, whether satisfactory or not, and could not recover in this appeal." The court did not so charge, but charged as follows: "If it was understood between them that the son was to render these services and to receive compensation therefor, and there was also an understanding between them that the compensation was to be made him by provision in his father's will, or without it, by which he was to get this estate, and if you find that the father did make a will, and paid him by the terms of the will, in the way in which it was understood by the son, at least, that he should be paid, then there can be no recovery in this case." ·

We think the court below erred in not charging the jury as requested by the defendant. The request was adapted to the facts which she had offered evidence to prove and claimed that she had proved; and had those facts been submitted to the jury and the jury had found them proved, we think the law is so that the plaintiff could not recover; and the jury should have been so instructed.

If $A$ renders service for $B$ under an agreement which leaves to $B$ the right to determine the amount of compensation $A$ shall receive, after the service shall have been ren-

dered, and how it shall be paid, and *B*, acting in good faith, so determines the compensation and mode of payment, *A* is as much bound by the determination as he would be if there had been an express agreement between the parties that he should receive that compensation and in that mode before the service was rendered, and if payment should be in fact made to that amount and in that mode *A's* claim would be extinguished. This is in substance the case which the defendant asked the court to present to the jury.

The plaintiff claims that the court substantially complied with the request. We do not so understand the charge. The charge applies to a contract, the terms of which in regard to the son's compensation were understood between the father and son, and related to the father's estate, which was to be conveyed to the son by his father's will or in some other manner. The language is as follows:—" And there was also an understanding between them (the father and son) that such compensation was to be made the son by provision in his father's will, or without it, by which he was to get this estate; and if you further find that the father did make a will and paid him by the terms of the will in the way it was understood," &c. It is obvious that there is a substantial difference between the request and the charge of the court. In the request the compensation of the son and the mode of payment are left wholly to the father to determine. In the charge they are regarded as both agreed upon between the father and son. Surely there is an important distinction here.

It is further claimed that the request is indefinite, uncertain and ambiguous, inasmuch as it says—" If the son performed services, &c., under a *general expectation* that his father would make it right," &c., and that therefore the defendant was not entitled to the charge requested. It seems to us clear what was intended by the expression " general expectation." It was an expectation that arose from no express understanding between the father and son in relation to the son's compensation for his services, but

grew out of all the circumstances of the case. We think this objection is not well taken.

There is error in the judgment appealed from, and a new trial is ordered.

In this opinion the other judges concurred.