EXECUTORS OF ELIZABETH RORER, PLAINTIFFS IN ERROR, v. WILLIAM H. RORER, DEFENDANT IN ERROR.

It is not error to permit a jury to take to their room, where they retire to consider of their verdict, an itemized account, used by counsel and referred to in the course of this trial, but not offered in evidence, proof as to the items of the account having been given, and the court having instructed the jury not to use it as evidence, except for the purpose of aiding the memory as to amount claimed by a party, should the jury find he was entitled to a verdict.

Error from Monmouth Pleas.

Argued at November Term, 1885, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, MAGIE and PARKER.

For plaintiffs in error, *George C. Beekman.*

*Contra, W. D. Holt.*

The opinion of the court was delivered by

PARKER, J.    An action in *assumpsit* was brought in the Monmouth Pleas, by the executors of Elizabeth Rorer, de-

ceased, against William H. Rorer, to recover the amount claimed to be due on two promissory notes, and also on an account.

The defendant pleaded the general issue and gave notice of set-off, but did not attach bill of particulars of his account. Nor did the plaintiffs before trial demand of him a bill of particulars.

During the trial the counsel of the defendant, in examining his witness, made use of a paper containing a long itemized account of the demand on which his plea was founded, and the counsel for plaintiffs in cross-examination used and referred to the same paper, but it was not offered in evidence.

At the conclusion of the testimony the defendant's counsel requested the court to permit the jury, when they should retire to consider of their verdict, to take said paper with them, for the purpose of aiding their memory as to the figures thereon, about which witnesses had testified.

The court allowed the jury to take the paper with them when they retired. To which decision of the court the plaintiffs' counsel objected, and prayed an exception, which was allowed.

In charging the jury the court instructed them that the said paper was not evidence of defendant's claim, and that they were permitted to take it out with them and use it only for the purpose of refreshing the memory as to the figures thereon, which had been sworn to. Was this error?

In some states this question is committed to the discretion of the courts by statute, and in those states the action of the trial court on this subject is final. There is no such statute here.

In their work on Juries, Thompson and Merriam state, as a general principle, that bills of particulars, statements of claims and computations, used on the trial for reference, although not received in evidence, may be taken to the jury room if so directed by the court; giving as a reason that such papers, like the pleadings in a cause, may be material aid to the jury in determining what the claim of a party really is, provided,

however, that the jury are told by the court, and made to understand that such papers must not be regarded by them as evidence.

In the State of Pennsylvania the courts permit parties to send out with the jury statements of their claims, accounts, computations, &c., simply to enable the jurors to remember what has been proved, which the memory is not expected to retain without such statements before them. This practice is sustained by numerous decisions in that state.

In the State of Michigan, the same practice prevails. In *Millar* v. *Cuddy*, 43 *Mich.* 273, the court said : " There was no error in permitting the jury to take to their room the computation made by the plaintiff's attorney. It was but an aid to the jury in estimating the amount due the plaintiff, if they found his theory of the case correct. They were in no way bound by it, and were not misled thereby, as they could not consider it as evidence. It was in accordance with well-settled practice and was unobjectionable."

The same rule prevails in the State of Vermont, where the courts say to the jurors that they may take such papers to the jury room, but must not regard them as evidence where they have not been so admitted at the trial, but can use them merely to refresh memory.

In the case now under consideration, the paper which the court permitted the jury to take to their room was an itemized account of the defendant's claim, concerning which there was proof at the trial. The counsel on both sides had referred to the paper in the course of the examination of witnesses. The court was careful to instruct the jury that the paper was not evidence of defendant's demand.

We find no error in this, and the judgment is affirmed.