[No. 486. Decided August 12, 1892.]

JAMES B. HOWE, *Respondent*, v. J. G. KENYON, *Appellant*.

APPEAL—STATEMENT OF FACTS—EXCEPTIONS—ATTORNEY AND CLIENT— CONTRACT FOR FEES—CONSTRUCTION.

The mere taking of exceptions to the ruling of the court excluding a material fact from the record on the settlement of a statement of facts, is not sufficient to entitle the excluded matter to consideration in the supreme court.

Under a contract whereby an attorney agrees to render professional services in certain cases for a reasonable attorney fee, such as the client is able to pay and thinks reasonable, the attorney is bound by the client's judgment as to what is a reasonable fee, in the

absence of any showing that the client has refused, through some fraudulent or other bad motive, to name or pay what is clearly a reasonable fee.

*Appeal from Superior Court, King County.*

*Finch, Snook & Finch,* for appellant.
*Stratton, Lewis & Gilman,* for respondent.

The opinion of the court was delivered by

STILES, J.—The court below settled an admirable statement of facts in this case over the objection of the appellant, who has since, by means of so-called exceptions, gotten into the record several proposed statements, among the rest a full transcript of the stenographer's notes. In striking out this extra matter, we must commend the judge of the superior court for having successfully resisted the appellant in his endeavor to lumber the record with immaterial matters. In such a case, however, even though the court below refused to insert in the record some fact which was material, merely taking exceptions to his ruling could avail nothing in this court. The matter refused would obtain no verity by the exceptions, and could not be used here. The method below, under the usual practice on the settlement of a bill of exceptions, would furnish ample means by which the court's action, if erroneous, could be corrected before the case arrived here for final hearing.

The respondent was an attorney at law, and brought this action against the appellant to recover on a *quantum meruit* for professional services. He alleged that the services were of the reasonable value of $700, admitted the payment of $100, and prayed judgment for $600. The appellant admitted the services, but produced a contract, as follows:

SEATTLE, Dec. 7, 1889.

"I hereby agree to render professional services to Mr. J. G. Kenyon, in the cases of *Kenyon v. Knipe, Kenyon v.*

*Squire,* and *Squire v. Kenyon,* for a reasonable attorney's fee, such as Mr. Kenyon is able to pay and thinks reasonable.        (Signed)        JAMES B. HOWE."

He further alleged that at the time of making the contract he paid to respondent one hundred dollars, which was receipted for upon the same instrument; that in his opinion $300 would be a reasonable compensation for the services rendered under said contract; that he had offered to pay respondent $200 more, which respondent refused to accept. He further kept up his tender of $200, and asks this court to render judgment in favor of respondent in that sum.

The main question between the parties appears from the charge of the court below, as follows:

"The court instructs you that, under that contract for the work specified in that contract (that is, the cases mentioned), plaintiff would have a right to have and receive a reasonable attorney's fee; he would not be entitled to the highest, nor would he be entitled to take the lowest; he would be entitled to a reasonable attorney's fee. The court instructs you that that contract did not make Mr. Kenyon the sole arbiter of what he should pay, unless it was a reasonable fee. Of course, if he offered to pay a reasonable fee, and plaintiff refused to accept a reasonable fee, then defendant would not be at fault. The court instructs you, then, that the meaning and legal import and construction of that contract is, that for the services in those particular cases the plaintiff should receive a reasonable attorney's fee."

We think the court was wrong in this charge. This was a peculiar sort of contract by which the respondent bound himself to do certain work and accept therefor the compensation which the appellant should deem just, he acting in good faith and according to his ability. It was a contract which he had the power to make; he was perfectly free to refuse to perform any services for appellant excepting upon payment of a reasonable fee, and having made this contract he must abide by it, unless he can show that the appellant,

through some fraudulent or other bad motive, has arbitrarily refused to name or pay what is clearly a reasonable fee. Counsel and client are liable to differ very materially in their estimation of what services of this kind are worth. Either has the right to maintain himself independent of the other, or he may, if he sees fit, contract to put himself, as he would consider, somewhat within the power of the other. The only attempt to avoid the effect of the appellant's decision in this case was to prove by other attorneys that their judgment was different as to the proper amount of compensation from that of the appellant. The appellant's ability was not touched upon. On the other hand, we think the appellant has shown his good faith in the matter by at all times offering to pay what is certainly not, even under the testimony of the respondent's witnesses, an insignificant sum.

The judgment should, therefore, be reduced to $200, and affirmed at respondent's costs.

ANDERS, C. J., and HOYT, DUNBAR and SCOTT, JJ., concur.