## J. H. Tennant v. L. S. Fawcett.

No. 929. Decided October 25, 1900.

**1. Contract—Compensation to Be Fixed by Employer.**

A contract of employment which leaves to the employer the right to fix the compensation for the services is valid, and his determination of the amount is valid if made in good faith. (P. 112.)

**2. Same—Charge.**

In a suit by an attorney to recover for legal services claimed by defendant to have been rendered under an agreement that he, himself, should fix the compensation therefor, which he had done, and paid the sum so fixed, it was error to charge that if the compensation was not agreed on in advance plaintiff could recover what the services were reasonably worth. (Pp. 112, 113.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Harris County.

Fawcett sued Tennant and recovered judgment. Defendant appealed, and it was affirmed. He then obtained writ of error.

*L. B. Moody,* for plaintiff in error.—Under a contract between appellant and appellee that the amount of the fees for all services performed by appellee for appellant must be left to the fixing and determination of appellant, the amount fixed by appellant is the measure of compensation, and even though the jury should consider it to be less than the reasonable value of such services, it is conclusive in the absence of allegation and proof of fraud or bad faith. 14 Am. and Eng. Enc. of Law, 1 ed., 776; Butler v. Winona Mill Co., 28 Minn., 205.

*W. C. Oliver* and *L. S. Fawcett,* for appellee.

GAINES, CHIEF JUSTICE.—The plaintiff in the court below (the defendant in error in this court) sued the defendant (the plaintiff in error here) to recover the reasonable value of certain services as an attorney at law rendered by the former for the latter. The defendant made defense on the ground that the services were rendered under a special contract in which it was agreed that in case the defendant should employ the plaintiff and no fee was agreed upon in advance, the defendant should only be liable for such sum as he himself should fix as compensation for the services, and that he had fixed the amount of the compensation and had paid the same.

The court charged the jury, in effect, that if the plaintiff rendered the services for the defendant alleged in his petition and the compensation for such services was not agreed upon in advance, then that they would allow the plaintiff such sum or sums as the services were reasonably worth.

We are of the opinion that the charge was erroneous. Should one agree to render a service for another gratuitously, it would seem that he could not recover for the service, for the reason that there is no promise, express or implied, to pay for it. The law would not impute a promise to pay where there was a distinct understanding that nothing should be paid. So one might be desirous of having a service performed but be unwilling, under the circumstances, to pay its reasonable value or to stipulate in advance for the payment of any definite sum, and might agree with another not to pay either a stipulated sum or the reasonable value of the work, but to pay merely such sum as he might see proper to pay. It would be unjust in such a case to hold him bound absolutely to pay the reasonable value of the services. We think the authorities hold that, in such a case, should he fix the compensation in good faith, no more can be recovered than the amount so fixed. In Butler v. Winona Mill Company, 28 Minnesota, 205, the court say: "We think the judgment as rendered is correct. The contract was clear and unambiguous. The stipulation that the amount of the compensation should depend upon the judgment and decision of the employer

may have been an undesirable one for the plaintiff to consent to, but he nevertheless chose to accept the employment on those terms. The contract was an entirety, and of obligation in all its parts, and the law can not, after it has been executed, relieve the plaintiff from the consequences of one of its stipulations which proves to be disadvantageous to him. That would in effect be making a new contract for the parties. It was the duty of the defendant to determine and fix the amount of the compensation honestly and in good faith, and if it did so fix it, the obligation of the contract was fulfilled so far as that matter is concerned." So in Lee's Appeal from Commissioners, 53 Connecticut, 363, the principle is thus announced: "If A renders service for B under an agreement which leaves to B the right to determine the amount of compensation A shall receive, after the service shall have been rendered, and how it shall be paid, and B, acting in good faith, so determines the compensation and mode of payment, A is as much bound by the determination as he would be if there had been an express agreement between the parties that he should receive that compensation and in that mode before the service was rendered, and if payment should be in fact made to that amount and in that mode, A's claim would be extinguished." Upon a casual inspection, the case of Millar v. Cuddy would seem to support a contrary view. But in that case the court say: "On the other hand, the defendants below denied that any sum was agreed upon, but that they were to pay him what they thought he was worth to them. This could not mean that they could, after the services had been performed, fix the compensation at such sum as they pleased. Parties may make such an agreement, but we think this language does not warrant any such view." This implies that in the opinion of the court a distinct agreement between an employer and his employe that the former shall fix the compensation will be enforced. In Taylor v. Brewer, 1 M. & S., 290, the plaintiff performed the work for a committee under a resolution "that any services to be rendered by him should be taken into consideration and such remuneration made as should be deemed right." They paid him nothing and he brought suit on a quantum meruit. He was nonsuited and the nonsuit sustained by the court in bank,—Lord Ellenborough saying that the plaintiff "threw himself upon the mercy of those with whom he contracted." In Van Arman v. Byington, 38 Illinois, 443, the defendants employed plaintiff to perform services as an attorney at law and promised to pay him whatever he might charge, and the court there held he could recover only the reasonable value of his services. This decision seems to us to be contrary to the great weight of authority.

For the error pointed out, the judgment of the District Court and that of the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*