## J. H. Tennant v. L. S. Fawcett.

### Decided December 12, 1901.

**Fraud—Pleading Requisite—Contract and Quantum Meruit.**

Where, in an action by an attorney to recover the value of services, defendant pleaded an agreement by which he was entitled to fix the amount to be paid, with proof of payment, plaintiff could not avoid defendant's action in fixing the amount of the compensation and recover the reasonable value of the services upon quantum meruit without pleading that defendant acted in bad faith.

Appeal from Harris. Tried below before Hon. William H. Wilson.

*L. B. Moody,* for appellant.

*W. C. Oliver* and *L. S. Fawcett,* for appellee.

GARRETT, Chief Justice.—This action was brought by L. S. Fawcett against J. H. Tennant to recover upon an account for the reasonable value of certain services as an attorney at law. The defense relied on was that the plaintiff had contracted with defendant that in the event no fee should be agreed on in advance, the defendant himself should fix the fees, and that defendant had fixed them for the services alleged, and paid the same. This is the second appeal in the case. Upon the first

trial the court below held that under such a contract the defendant was liable for the reasonable value of the services; and its judgment in favor of the plaintiff was affirmed by the Court of Civil Appeals for the Third District, to which the cause had been transferred. 55 S. W. Rep., 611. On writ of error to that court the Supreme Court reversed the judgment, holding that the defendant was entitled to fix the compensation in good faith, and that the plaintiff could recover no more. 58 S. W. Rep., 824. Upon the last trial the court below submitted the case to the jury upon the issue of good faith on part of the defendant in fixing the fees. There was evidence in behalf of the defendant tending to show that for each item of service the defendant had paid the plaintiff a sum of money which he claimed should be in satisfaction thereof. The plaintiff introduced evidence tending to show that no such agreement had been made, and to show the reasonable value of his services, as well as that the sums paid were paid generally upon account, and not in satisfaction of any particular item, and recovered judgment as for the reasonable value of the several items of service rendered by him.

It is contended on this appeal that the court below erred in submitting the issue of good faith to the jury, because it was not pleaded by the plaintiff that the defendant had not acted in good faith in fixing the compensation to be paid to the plaintiff. Fraud or bad faith is not to be presumed, but the party asserting it must allege and prove it. The defendant having set up a contract by which he was entitled to fix the compensation to be paid to the plaintiff, and having introduced evidence to prove such contract, the latter could not avoid the action of the defendant in fixing such compensation and recover the reasonable value of the services upon quantum meruit without allegation and proof that the defendant had acted in bad faith. Tennant v. Fawcett, 58 S. W. Rep., 824; Butler v. Mill Co., 28 Minn., 205; Lee's Appeal, 53 Conn., 363; 2 Atl. Rep., 758; Howe v. Kenyon, 30 Pac. Rep., 1058. Hence the court erred in submitting to the jury the issue of good faith or not on the part of the defendant in fixing the compensation for the services of the plaintiff, there being no pleading to support it.

There was no error in refusing the special instruction set out in the fifth assignment of error, because it is clearly upon the weight of the evidence. The letter dated February 15, 1898, written by the plaintiff to the defendant, would be admissible as bearing upon the question of good faith under proper pleadings, but would not be evidence of the facts recited therein. We do not pass upon the assignments questioning the sufficiency of the evidence to support the judgment. For the error in the charge of the court the judgment is reversed and the cause remanded.

*Reversed and remanded.*