[L. A. No. 3527. In Bank.—March 14, 1916.]

E. L. FOSTER, Respondent, v. C. S. YOUNG, Appellant.

APPEAL — NEW TRIAL — INSUFFICIENCY OF EVIDENCE — BILL OF EXCEP-
TIONS—FAILURE TO INCORPORATE ALL EVIDENCE.—The insufficiency of the evidence to justify the verdict or findings of the court cannot be considered on an appeal from an order denying a motion for new trial, where the certificate of the trial judge to the bill of exceptions used on the motion affirmatively states that the bill does not contain a full, true, and correct statement of the evidence, and that the same was sufficient to justify the verdict and findings.

ID.—ABSENCE OF INSTRUCTIONS FROM RECORD—ERROR IN GIVING OR RE-
FUSING NOT REVIEWABLE.—Alleged error predicated upon the giving or refusing to give to the jury certain isolated instructions cannot be reviewed on appeal where the instructions given are not incorporated in the record.

ID.—NEWLY DISCOVERED EVIDENCE—ABSENCE OF AFFIDAVITS.—Alleged error in refusing to grant a new trial upon the ground of newly

discovered evidence cannot be considered, when the affidavits presented to the trial court at the hearing of the motion in support thereof are not incorporated in the record, and no suggestion made of diminution of the record in accordance with rule XV of the supreme court.

EXECUTION—NOTICE OF JUDGMENT AND FINDINGS.—Notice of the rendition or entry of judgment or of the making and filing of findings, is not a condition precedent to the issuance of an execution and a sale of property thereunder.

ATTORNEY AT LAW—ACTION FOR FEE—FIXING OF REASONABLE FEE BY DEFENDANT—BAD FAITH—SPECIAL INTERROGATORIES CONSTRUED.— In an action by an attorney at law to recover for professional services, in which the jury found, in answer to a special interrogatory, that the plaintiff had agreed to charge only a reasonable fee, the fixing of which was to be left to the defendant, their negative answer to another interrogatory inquiring whether in fixing the fee the defendant acted "in good faith, and upon and after full consideration and on advice of those persons whom he had a right to believe and expect were qualified to advise him in said matter," is properly construed, in view of the allegations of the answer, as equivalent to a finding that in fixing the amount of the fee the defendant acted in bad faith.

ID.—PLEADING—PRESUMED DENIAL OF NEW MATTER SET UP BY ANSWER —ESTABLISHMENT OF BAD FAITH.—In this state, bad faith may be established in an action under the presumed denial of new matter set up by way of answer or counterclaim.

ID. — FRAUD — FIXING COMPENSATION UNDER CONTRACT. — A party to a contract, having the power to fix the compensation of the other, may not act fraudulently.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

James Donovan, and Anderson & Anderson, for Appellant.

Davis, Kemp & Post, for Respondent.

MELVIN, J.—These appeals were heard by the district court of appeal of the second appellate district. Upon petition a hearing before this court was ordered for the reason that, while a majority of the justices of this court fully agreed with the learned district court of appeal in the dis-

cussion by that court of the denial of defendant's motion for a new trial, some doubt was entertained regarding the conclusions reached in the decision of the appeal from the judgment. After a hearing before this court, and further study of the case, we still agree with our brethren of the district court upon the matter of the appeal from the order denying the motion for a new trial, and we hereby adopt the following part of the opinion prepared by Mr. Justice Victor E. Shaw:

"This was an action by plaintiff, who is an attorney at law, to recover for professional services rendered defendant in and about the prosecution of a certain action numbered 62590 in the superior court of Los Angeles county, entitled 'C. S. Young, Plaintiff, v. T. Spellacy, Defendant.' It is alleged that a judgment was obtained in said action on behalf of Young for the recovery from Spellacy of certain oil stocks of the value of $175,000. The complaint is in two counts; the first alleging the existence of a contract pursuant to which the services were rendered, whereby defendant agreed to pay plaintiff 20 per cent of the value of said stock so recovered. The second count is upon a *quantum meruit* to recover the reasonable value of said services in the like sum of $35,000.

"The answer admitted the rendition of the services, but denied the making of the contract alleged in the complaint, and denied that the reasonable value of the services was in excess of the sum of $1,500. As a separate defense, defendant alleged that plaintiff was employed under an agreement whereby the latter was to receive for his services a reasonable compensation, and that it was agreed that as to what sum should constitute a reasonable fee should be and was by the terms of said agreement left to the sole determination of defendant; that defendant specified and fixed the sum of $1,500 as constituting a reasonable fee to be paid plaintiff for his services, and prior to the commencement of this action offered to pay said sum to plaintiff. Defendant also set up several counterclaims in defense of any recovery by plaintiff.

"The case came on for trial on March 29, 1911, at which time, pursuant to a stipulation filed, a jury was called to which was submitted the issues as to what constituted a reasonable compensation for plaintiff's services, whether or not it was, as alleged by defendant, agreed that plaintiff's fee

should be fixed and determined by defendant, and whether or not, as alleged by plaintiff, there was a contract made whereby defendant agreed to pay him for his services 20 per cent of the value of the property recovered in the action of *Young* v. *Spellacy;* it being agreed the remaining issues should be tried by the court without a jury, and judgment rendered upon the verdict and findings so made by the court.

"Thereafter the issues, as stipulated, were submitted to a jury which brought in a general verdict in favor of plaintiff in the sum of $8,750. The issues submitted to the court were tried November 3, 1911, and on March 18, 1912, the court filed its findings of fact upon the issues so tried by it, and upon which, and the verdict so rendered by the jury, the court gave judgment for plaintiff in the sum of $7,338.

"Defendant appeals from an order of court denying his motion for a new trial.

"As grounds for a reversal of the order denying defendant's motion for a new trial, appellant insists the evidence is insufficient to justify either the verdict of the jury or the findings made by the court. The condition of the record, however, is such as to preclude this court from reviewing these alleged errors, the reason therefor being that the trial judge in settling and certifying the statement or bill of exceptions presented in support of the motion for a new trial, embodied therein a statement to the effect that the trial of the issues submitted to the jury on March 29, 1911, occupied six days and the trial of the issues submitted to the court in November, 1911, occupied more than two days; that the proposed statement and amendments thereto, without a transcript of the testimony other than disconnected extracts therefrom (defendant declining to have the same transcribed), was presented to him October 7, 1912; that by reason of the lapse of time and number of witnesses testifying at the trial, the court without such transcript was unable to determine upon a full and correct statement of the case, and hence the statement or bill of exceptions is not a full, true, and correct statement. The certificate closes with the following: 'There was, however, and the court so certifies, sufficient evidence to justify the verdict of the jury and sustain all the findings of the court. The foregoing bill of exceptions, as modified by the statement in this certificate, is settled and allowed.' Confronted by this certificate and the statements contained

therein, we must presume, since the record does not contain all the evidence, that had all thereof been presented it would, as stated by the court, appear therefrom that the evidence was sufficient to justify both the verdict and findings. This court cannot indulge in the presumption that error was committed; indeed, every presumption indulged is in favor of the regularity of the proceedings and judgment. Hence it devolves upon an appellant to present a record which affirmatively shows the existence of the alleged error.

"Neither can we consider the alleged error predicated upon the giving to the jury certain isolated instructions, since the instructions given are not incorporated in the record. Manifestly, an excerpt from an instruction might, as an abstract proposition of law, appear erroneous, but considered as a whole constitute a correct statement of the law. So as to the complaint that the court erred in refusing to give requested instructions, there is nothing of record to show that the subject thereof was not fully covered by the instructions given, and which are omitted from the transcript.

"For like reasons we cannot consider the alleged error of the court in refusing to grant defendant a new trial upon the ground of newly discovered evidence. This evidence, according to the statement contained in counsel's brief, consisted of a stipulation filed in the action whereby it is claimed plaintiff waived the failure of defendant to make demand for 10,548 shares of oil stock belonging to defendant and which it was alleged plaintiff had converted. Such conversion thereof constituted the subject of a counterclaim by defendant. Appellant states in his brief that two affidavits were presented to the trial court at the hearing of the motion in support thereof. They are not, however, incorporated in the record; nor was any suggestion made of diminution of the record in accordance with rule XV of the supreme court. It appears that had this stipulation been presented, then under the finding made by the court, to the effect that the 10,548 shares of stock (valued, according to plaintiff's testimony, at 50 cents per share) were held by plaintiff for defendant, to be delivered to him upon payment of one dollar, defendant would have been entitled, upon making the payment of one dollar, to a counterclaim in the sum of $5,274.

"The record discloses an appeal from an order of court denying defendant's motion to vacate, set aside and annul a

sale of 19,400 shares of the capital stock of the Mascot Oil Company, made upon an execution issued upon the judgment herein prior to the appeal therefrom. It appears from the record that, although the trial was completed in November, 1911, the court did not make and file its findings until March 18, 1912, on which day it rendered judgment upon which, after entry thereof on March 25th, an execution was issued, and on March 27, 1912, as shown by his return, was delivered to the sheriff, pursuant to which he certifies that he did, on September 14, 1912, attach the personal property described in certificate No. 538 for 19,400 shares of stock in the Mascot Oil Company, and sold the same in one separate parcel for the sum of $1,940. The motion as made to vacate and set aside this sale was not based upon any claim of invalidity as to the acts of the sheriff in selling the stock, but upon the sole ground that notice of the making of said findings of fact, and the rendition and entry of the judgment upon which said execution issued, was never at any time served upon defendant, and that he had no notice thereof. The contention of appellant, as shown by the grounds upon which his motion was made, is that no execution could be issued, no levy thereof made and no sale of property made thereunder by the sheriff, in the absence of serving notice upon him or his attorney of the making of said findings and the rendition of judgment. We do not so understand the law. While notice is necessary to start the time running within which an appeal may be taken from a judgment or order, we know of no code provision existing at the time this trial was had, or any decision requiring that a defendant shall give notice of the rendition or entry of judgment or of the making and filing of findings, as a condition precedent to the issuance of an execution and a sale of property thereunder. Section 681, Code of Civil Procedure, provides that, 'the party in whose favor judgment is given may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement.' The vitality of a judgment and the right to enforce the same by execution do not depend upon notice thereof being given to the adverse side. (See: *Hastings* v. *Cunningham*, 39 Cal. 137, 144; *Baum* v. *Roper*, 1 Cal. App. 436, [82 Pac. 390]; *Los Angeles County Bank* v. *Raynor*, 61 Cal. 145.) Conceding that facts may exist which, upon being presented in a proper way, might

justify the court in annulling the sale, no ground therefor is specified in the motion made by defendant."

In analyzing the appeal from the judgment we shall first examine the special interrogatories submitted to and answered by the jury. Regarding the agreement alleged in the first count of the complaint that Foster was to receive twenty per cent of any recovery, the jurors found that there was no such contract. The second interrogatory was as follows:

"If you answer the first interrogatory in the negative, did the plaintiff herein prior to the commencement of the said action of *Young* v. *Spellacy*, No. 26,590, agree to only charge a reasonable fee, and that what would be a reasonable fee and the amount of said fee should be left to the defendant herein, C. S. Young? Answer: Yes." By their answer to the third interrogatory the jurors found that plaintiff's offer was accepted by Young and that both parties acted upon it. The fourth and fifth interrogatories with the answers given by the jury were as follows:

"If you answer the last two questions in the affirmative, did the said defendant here, C. S. Young, in fixing the plaintiff's fee at $1500, act in good faith, and upon and after full consideration, and on advice of those persons whom he had a right to believe and expect were qualified to advise him in said matter?

"Answer: No.

"If you answer either question No. II or No. III or No. IV in the negative, state what would be the reasonable value of the services of the plaintiff.

"Answer: $8750.00."

The learned district court of appeal interpreted the fourth question and the answer thereto to mean that defendant in fixing plaintiff's fee at one thousand five hundred dollars did not act in good faith *in that* he did not seek the counsel of qualified advisers, and interpreting the contract found by the answer to the second interrogatory as one not requiring that defendant should act upon such advice, held that plaintiff was bound by the offer of one thousand five hundred dollars and ordered the reduction of the amount of the judgment accordingly to $88, the difference between one thousand five hundred dollars and $1412, the sum which the court found that plaintiff owed the defendant on his counterclaim. We are unable to agree with this interpretation of

the jury's finding. If we concede that the latter part of the interrogatory contains matter not pertinent to the issues involved, the fact still remains that the question is compound. It contains really three parts: (1) Did the defendant act in good faith in fixing the fee at one thousand five hundred dollars? (2) Did he act after full consideration? (3) Did he act upon proper advice? These parts are connected by the conjunction *"and"*; therefore each is of equal rank. Answers to the two last parts may be of no moment, but the general answer to the whole question is equivalent to a finding by the jury that in fixing the fee at one thousand five hundred dollars the defendant acted in *bad faith*. It is argued that the power to name the compensation was plenary, and that the matter of good or bad faith was not involved. In other words, that the defendant was empowered, under the contract, arbitrarily to name a fee without any reference to the *bona fides*. But the second finding of the jury establishes a contract that the charge should be *reasonable*. Even if the language of that finding might be interpreted as compelling reasonable conduct on the part of the attorney only, the pleadings on which the issue was submitted to the jury forbid such interpretation. The allegation of defendant (which under our system of pleading was deemed to be denied without written replication) was substantially as follows: ''Said plaintiff further at said time agreed that, if this defendant should employ plaintiff to bring suit against the said Spellacy, and if said plaintiff should bring such action against said Spellacy, he, the said plaintiff herein, would only require this defendant to pay him, plaintiff herein, a reasonable fee, and that the amount of that fee, and what would be a reasonable fee, would be left entirely with this defendant to determine; and that the said plaintiff herein, before and at the time of accepting the said employment from this defendant, and before bringing the said suit, promised and agreed to leave the amount of his said fee to be fixed by this defendant, and this defendant alleges that after carefully considering the matter, and being advised in the premises, he fixed the sum of one thousand five hundred dollars as a reasonable fee and compensation to the said plaintiff, and as a full and reasonable payment for all the work performed by the said plaintiff.'' Admittedly, therefore, the defendant was bound to fix a *reasonable* fee. He named an

*unreasonable* sum according to the special verdict of the jury, and in the state of the record we are bound to assume that the finding was amply supported by the evidence. Counsel for defendant argue that there was no pleading of fraud or bad faith—that fraud must be alleged and must be clearly established before it is of any avail. Whatever may be the rule in other states, this court is committed to the doctrine that bad faith may be established in an action under the presumed denial of new matter set up by way of answer or counterclaim. In *Williams* v. *Dennison,* 94 Cal. 540, [29 Pac. 946], the action was for money had and received. The statute of limitations was pleaded in the answer and the court held that any proper evidence was admissible to meet and overcome the defense, including proof of fraud on the part of the defendant which would take the case out of the statute of limitations. (See, also, Code Civ. Proc., sec. 462; *Curtiss* v. *Sprague,* 49 Cal. 301; *Colton Land & Water Co.* v. *Raynor,* 57 Cal. 588; *Sterling* v. *Smith,* 97 Cal. 343, 346, [32 Pac. 320]; *Moore* v. *Copp,* 119 Cal. 429, 433, [51 Pac. 630]; *Brooks* v. *Johnson,* 122 Cal. 569, 570, [55 Pac. 423]; *Clarke* v. *Fast,* 128 Cal. 422, 425, [61 Pac. 72]; *Lauricella* v. *Lauricella,* 161 Cal. 61, 70, [118 Pac. 430].) It is not necessary to consult the decisions of other states upon this matter. Those of our own state are sufficient.

Both litigants cite *Tennant* v. *Fawcett,* 94 Tex. 112, [58 S. W. 824], defendant in support of the rule that a pleading of fraud is necessary even under a statute similar to our section 462 of the Code of Civil Procedure, and plaintiff upon the contention that good faith *is* an element to be considered in contracts of this sort. Upon the first matter our decisions are sufficient. Regarding the second point we think it clear that the doctrine of that case as well as that of *Butler* v. *Winona Mill Co.,* 28 Minn. 205, [41 Am. Rep. 277, 9 N. W. 697]; *Walsh* v. *Board of Trustees,* 17 Mont. 413, [43 Pac. 180]; *Taylor* v. *Brewer,* 1 M. & S. 290, [105 Eng. Reprint, 108], and others of like nature is that, as Lord Ellenborough said in the opinion in the case last cited, one may throw himself "upon the mercy of those with whom he has contracted." But even when such a contract has been made, the person having the power to fix the fee may not act fraudulently. Here the *reasonableness* of the proffered compensation was

an element of the contract as pleaded and proved and found by the jury.

The judgment and order are affirmed.

Shaw, J., Henshaw, J., and Angellotti, C. J., concurred.

Rehearing denied.