Joseph F. HOGAN, Plaintiff-Appellee,

v.

Wilbur C. WRIGHT, d/b/a Wright Construction Company, Defendant-Appellant.

No. 16347.

United States Court of Appeals
Sixth Circuit.

Feb. 8, 1966.

Edwards, Circuit Judge, dissented.

Donald S. McNamara, Columbus, Ohio (McNamara & McNamara, J. Paul McNamara, Columbus, Ohio, on the brief), for appellant.

Hugh S. Jenkins, Columbus, Ohio, for appellee.

Before O'SULLIVAN, EDWARDS and CELEBREZZE, Circuit Judges.

CELEBREZZE, Circuit Judge.

This action for the recovery of attorney fees is now on appeal for the second time. The defendant-appellant in both appeals, Wilbur C. Wright, appeals from the finding of the District Court that the reasonable value of the legal services performed by Joseph F. Hogan, plaintiff-appellee, was $27,468.36. This finding was made after the case had been remanded to the District Court with instructions to interpret the contract or relationship between the parties as a matter of law, and to make findings of fact relative to the services performed by the plaintiff and the amount of the legal fees due plaintiff as a result of those services.

The facts of this case are fully set forth in the opinion of this Court, reported at 322 F.2d 83. These facts will be briefly summarized.

In July, 1950, Wilbur Wright, d/b/a Wright Construction Company, hereinafter referred to as Wright, contracted with the State of Ohio for the construction of a bridge. Wright contracted to purchase the necessary steel from Allied Structural Steel Corporation. Because of the Korean conflict, there was a two and a half year delay in the delivery of the steel. As a result the final cost of the steel was $180,000. higher than the original estimate.

Wright retained Joseph F. Hogan, hereinafter referred to as Hogan, to represent him. Hogan advised Wright not to pay Allied Steel. Allied Steel sued Wright, and after four days of trial the case was settled by an allowance of a credit of $75,000. to Wright on the amount owing Allied. After this settlement, Hogan sent the following letter, dated December 18, 1956, to Wright:

"Dear Mr. Wright:

"In Re: Allied v. Wright

"Over the telephone a few days ago, you asked that I send you a statement for services in the above-captioned case.

"In arriving at the amount of the statement, I have treated the $75,000.00 credit allowed you by Allied in the settlement, as a recovery by you of that amount, and my thought is that 20%, $15,000 is a reasonable fee.

"As I have heretofore informed you, I paid the Kelly firm the sum of $622.20 (copy of the statement enclosed), and I am to take care of Mr. Reed's fees.

"As you know, a great deal of time was expended in intensively preparing the case for trial, including the three trips to Lansing, the trips to Chicago and Massillon, the three days at Akron when we thought we were going to trial, and the four days of trial. An itemized statement of the time will be sent to you if you so desire.

"At different times, I have sent to you statements of expenses as follows: $191.69, $183.76 and $256.54. Those statements total $631.89. You have a credit against those charges in the amount of $1,000.00 paid July 6, 1955 and $183.76 paid February 7, 1956, or total credits of $1,183.76. That would leave a credit now due you of $551.87 on the $15,000.00 charge.

"As I told you on leaving Akron, I will prepare, file and present your claim with the Sundry Claims Board without charge to you. (My usual fee for a claim of this size is $2,500.00 for preparation and presentment against 25% of the recovery.) Out of any recovery in your claim, you are to pay me a percentage figure acceptable to you. That claim is now ready for filing, except that you

have failed to send me the material requested in my letter of December 12. I am enclosing a copy of the claim as it will be filed upon receipt of the material requested from you.

"With best wishes for a happy Holiday Season, I am

"Sincerely yours,
"Joseph F. Hogan."

Pursuant to this letter, Wright paid Hogan $15,000. and sent Hogan the requested material necessary to present Wright's claim to the Sundry Claims Board of the State of Ohio. The sum of $212,314.81, less the credit of $75,000. previously recovered from Allied Structural Steel, or a total recovery of $137,-341.81, was paid to Wright in November, 1959. Before the claim was paid, Wright wrote Hogan suggesting a fee of $2,000. This lawsuit followed the rejection by Hogan of the fee suggested by Wright.

Upon remand by this Court, the District Court, in supplemental findings of fact, found that Wright and Hogan entered into a contract; that the terms of the contract were that Hogan was to prepare, file and present Wright's claim to the Sundry Claims Board without charge to Wright; that Hogan's normal charge for these services was an advance payment of $2,500.; that out of any recovery from the claim, Wright was to pay Hogan a percentage figure acceptable to Wright; that Hogan did prepare, file and present the claim and did recover from the State of Ohio the sum of $137,341.81; that both parties knew and understood that Hogan's normal charge was 25% of any recovery, which in this case would be $34,335.45; that Wright notified Hogan that he was fixing his fee in the amount of $2,000., which, when computed as a percentage of recovery would be 1.4%.

In its conclusions of law the Court found that Hogan's letter of December 18, 1956, constituted an offer, and Wright's subsequent conduct constituted an acceptance. Thus a valid contract was created. The court further found as a matter of law that the contract required

Wright to pay Hogan out of any recovery a percentage acceptable to Wright; that Hogan performed the services required under the contract; that Wright fixed the sum of $2,000. as payment; that this amount was so insufficient as to amount to bad faith; that Wright was bound in good faith to determine and pay to Hogan the reasonable value of his services; and that Hogan was entitled to recover from Wright $27,468.36.

As a general rule, a wholly executory agreement which reserves to the will and discretion of one party the unlimited right to determine the extent of compensation he will make is too indefinite to be enforceable. I Corbin on Contracts, Section 98; 17 Am.Jur.2d, Contracts, Section 83. Here, however, is a contract where the promisor has fully performed, and the promisee has the unlimited right to determine the amount of compensation he will pay the promisor for the services rendered. The cases are in conflict as to the manner of measuring the adequacy of the compensation rendered by the one party. The facts of each case generally suggest the appropriate rule. Recovery has been allowed for the reasonable value of such services where the facts disclose that this was the intention of the parties or where the express reservation to one party to determine the fee is coupled with the provision that the payment to be made shall be "reasonable", "fair", "right", or "good". Foster v. Young, 172 Cal. 317, 156 P. 476; Corthell v. Summit Thread Co., 132 Me. 94, 167 A. 79, 92 A.L.R. 1391; Pillois v. Billingsley, 179 F.2d 205 (C.A.2, 1949); Millar v. Cuddy, 43 Mich. 273, 5 N.W. 316, 92 A.L.R. 1391. Other cases have held that where the promisor has determined the amount to be paid, no more can be recovered. This is especially true where the promisor has acted in good faith, although the compensation is considerably less than the reasonable value of the services. Lee's Appeal, 53 Conn. 363, 2 A. 758 (1886); Butler v. Winona Mills Co., 28 Minn. 205, 9 N.W. 697 (1881); Tennant v. Fawcett, 94 Tex. 111, 58 S.W. 824 (1900).

No arbitrary formula can be applied. The facts of each case must be considered to determine the intentions of the parties. Their intent should suggest whether the compensation to be paid will be measured in terms of reasonable value or in terms of good faith. We are of the opinion that the District Court erred in finding that Hogan was entitled to the reasonable value of his services, and that the offer of $2,000. was in itself so insufficient as to amount to bad faith.

Here we find no allegation of fraud or bad faith in the complaint filed by Hogan. Consideration must be given to the fact that Hogan had performed most of the preparatory work necessary to presenting the claim to the Sundry Claims Board in preparing for the Allied trial. For this work Hogan received from Wright the sum of $15,000. The billing for this amount was in the same letter in which Hogan offered to prepare, file and present Wright's claim to the Sundry Claims Board free of charge. Out of any recovery, Wright was to pay Hogan a percentage figure acceptable to Wright. These facts at best suggest that Wright pay Hogan $15,000. and that Wright act in good faith in compensating Hogan if they recovered from the Ohio Claims Board.

The fact that Wright fixed the compensation at an amount considerably less than the amount found to be reasonable by the trial court is not in itself sufficient here to justify an inference of fraud or bad faith. Butler v. Winona Mills, supra. To establish fraud or bad faith, clear and convincing proof is required. Ullman v. May, 147 Ohio St. 468, 72 N.E.2d 63 (1947). The trial court found the services were reasonably worth 20% of the recovery based upon evidence of the acceptable contingent fee contract in Sundry Claims cases. But this ignores the facts that Hogan was fully prepared to present the claim to the Ohio Sundry Claims Board by virtue of preparing for the Allied trial; that he had received $15,000. compensation for settling the Allied case; and that he offered to prepare, file and present Wright's claim free of charge.

We cannot deduce bad faith from the fact that Wright followed the terms of a contract which was drafted by Hogan, an attorney of many years' experience. Having accepted Hogan's offer exactly as it was tendered to him, it cannot be implied in the absence of any other evidence, that Wright acted in bad faith in exercising his rights under what the Court found to be a valid contract. Courts do not relieve a party competent to contract from an improvident agreement in the absence of fraud or bad faith. Ullman v. May, supra. We are of the opinion that the rule here applicable is succinctly stated in 4 Restatement of the Law of Restitution, Section 107:

> "A person of full capacity who, pursuant to a contract with another, has performed services or transferred property to the other or otherwise has conferred a benefit upon him, is not entitled to compensation therefor other than in accordance with the terms of such bargain, unless the transaction is rescinded for fraud, mistake, duress, undue influence or illegality, or unless the other has failed to perform his part of the bargain.

> "A person is not entitled to compensation on the ground of unjust enrichment if he received from the other that which it was agreed between them the other should give in return."

Since Hogan drafted the contract, he was in a position to state exactly what his terms of employment were. If he wanted a definite percentage of the recovery he could have so stated. If he wanted a reasonable fee, he could have so stated. Where a party competent to contract and skilled in the art of drafting contracts recites therein conditions of his own choosing, in language of his own choosing, he cannot complain when the other party to the contract exercises his rights in good faith.

The judgment of the District Court is reversed.

EDWARDS, Circuit Judge (dissenting).

The relevant language of this contract for legal representation provided:

"As I told you on leaving Akron, I will prepare, file and present your claim with the Sundry Claims Board without charge to you. (My usual fee for a claim of this size is $2,-500.00 for preparation and presentment against 25% of the recovery.) Out of any recovery in your claim, you are to pay me a percentage figure acceptable to you. * * *"

After plaintiff had secured allowance of $137,341.81 of defendant's claim, defendant tendered a fee of $2,000, or 1.4%. The District Judge found this action to have been taken in bad faith and gave judgment for plaintiff in the sum of $27,468.36, or 20% of the recovery. The record provides evidentiary support for the finding of bad faith, and I do not think we can properly hold that it is "clearly erroneous." Rule 52(a) Fed.R.Civ.P.

I would affirm.