**William E. HARRIS, Appellant,**

v.

**Willard J. SMITH, Commandant of the United States Coast Guard, Appellee.**

**No. 203, Docket 33709.**

United States Court of Appeals
Second Circuit.

Submitted Nov. 5, 1969.
Decided Dec. 3, 1969.

**900**

Irving Zwerling, New York City (Zwerling & Zwerling, New York City, on the brief), for appellant.

William D. Ruckelshaus, Asst. Atty. Gen., Civil Division, Dept. of Justice, Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, Louis E. Greco and Peter Martin Klein, Attys., Dept. of Justice, on the brief, for appellee.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

PER CURIAM.

Harris, a seaman, appeals from summary judgment granted the Commandant of the United States Coast Guard, appellee, in the United States District Court for the Southern District of New York, Charles M. Metzner, Judge, dismissing the complaint which sought relief in the nature of a writ of mandamus pursuant to 5 U.S.C. §§ 701–706 and 28 U.S.C. § 1361 and an order compelling the Commandant to return a Merchant Mariner's Document previously surrendered by appellant and to grant appellant an administrative hearing on misconduct charges. The trial court held that appellant (Harris) did not have a constitutional right to advice of counsel prior to surrendering his Merchant Mariner's Document and that Harris had voluntarily waived his right to an administrative hearing. We find no error and affirm the judgment.

The proceedings involved herein developed subsequent to Harris' arrest in February, 1967 for possession of marijuana. The criminal charges were dismissed on January 31, 1968 on Harris' motion to suppress the evidence. The Coast Guard investigated the marijuana incident, and on May 29, 1968, an investigating officer interviewed Harris aboard a vessel on which he was then employed. Harris was not in custody during the interview. Appellant was informed during the interview that a charge of misconduct had been prepared against him, pursuant to 46 U.S.C. § 239(g) and was shown a copy of this charge. He was also informed that if he were charged, he would have a right to a hearing and the right to be represented by counsel at the hearing. However, Harris signed a "Voluntary Surrender Agreement in Preference to Answering Charges Under 46 U.S.C., Sec. 239"; this agreement states that Har-

ris understood his conduct was under investigation and that he voluntarily surrendered and relinquished title to his Document and waived his right to a hearing on the charges. Harris was not represented by counsel when he was interviewed and surrendered the Document by signing the "Agreement," nor was he advised by the investigating officer that he could have counsel during the interview or consult counsel before making the surrender. He was informed that if he did not voluntarily surrender the Document he would be entitled to a hearing on its revocation at which he would be entitled to be represented by counsel.

Appellant asserts he had a constitutional right to have counsel at the time of the interview and prior to the surrendering of his Merchant Mariner's Document. We do not agree. The Sixth Amendment requirement of warning of the right to counsel does not extend to all instances of government questioning but only to those which have become criminal in nature. United States v. Mackiewicz, 401 F.2d 219 (2d Cir. 1968). The Sixth Amendment entitles an accused to "the Assistance of Counsel for his defense" in "all criminal prosecutions." Harris had received this and the criminal prosecution was at an end. We likewise find no sufficient basis for spelling such a requirement out of the statute. Boruski v. Securities & Exchange Commission, 340 F.2d 991 (2d Cir. 1965), cert. denied 381 U.S. 943 and 944, 85 S.Ct. 1780, 14 L.Ed.2d 706 (1965). As a matter of administrative practice, it might be better to advise a licensed mariner to seek advice of counsel before taking so serious a step as surrender of his Document, but we cannot say that it is required.

Appellant further asserts that he was entitled to a hearing on the misconduct charges. A hearing was not required since Harris voluntarily surrendered his Document. Harris chose to waive a hearing concerning the charges after he was informed of his right to a hearing and the right to be represented by counsel at such a hearing, and signed a statement effecting the waiver and voluntarily submitting his Document. Since Harris was informed of the matter pending and could choose for himself whether to appear or default, contest or acquiesce, due process notice requirements were met. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The judgment dismissing the action is affirmed.