**Sidney W. FAIRCHILD, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 71–1481.

United States Court of Appeals, Third Circuit.

Submitted April 7, 1972.

Decided May 22, 1972.

Emmanuel Liebman, Cherry Hill, N. J. (Emmanuel Liebman, A P. C., Cherry Hill, N. J., David E. Crabtree, Farr, Reifsteck, Wolf & Crabtree, A P. C., Haddon Heights, N. J., on the brief), for appellant.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Dept. of Justice, Tax Div., Washington, D. C. (Thomas L. Stapleton, Gary R. Allen, Attys., Tax Div., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before HASTIE and GIBBONS, Circuit Judges and BECKER, District Judge.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal from a decision of the Tax Court sustaining an assessment of an income tax deficiency.

■ The taxability of amounts that the Commissioner added to taxpayer's reported income depended upon the legal conception that money, advanced to a taxpayer by another and used as the taxpayer's own, is income to the taxpayer rather than a tax free loan, if at the time of receipt he had no intention to make repayment. As a matter of law, this view is correct.

There is a second question whether the taxpayer intended to repay the money. On the present record this was a close question of fact. However, we think the record warranted the Tax Court's negative answer.

■ Finally, the taxpayer points out that the Tax Court made no explicit finding of fraud and urges that such a finding is prerequisite to the establishment of the government's contention in this case. But a finding of fraud as such, with its attendant civil and criminal penalties, requires proof by clear and convincing evidence. In contrast, the critical finding of intention not to repay for purposes of determining an *ordinary deficiency requires only a preponderance of evidence*, though fraudulent intent may have been in-

volved. The present finding was permissible, though the Commissioner may properly have concluded that the proof was not so clear and convincing as to justify fraud penalties.

The judgment will be affirmed.