Olivia S. HUNTLEY, Appellant,

v.

The NORTH CAROLINA STATE BOARD OF EDUCATION et al., Appellees.

No. 73–1665.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 5, 1973.

Decided March 21, 1974.

J. Kenneth Lee, Greensboro, N. C. (Lee, High, Taylor, Dansby & Stanback, Greensboro, N. C., on brief), for appellant.

Charles Allen Lloyd, Asst. Atty. Gen. (Robert Morgan, Atty. Gen., of North Carolina; Andrew A. Vanore, Jr., Deputy Atty. Gen., and I. Murchison Biggs, Lumberton, N. C., on brief), for appellees.

Before BUTZNER, FIELD, and WIDENER, Circuit Judges.

BUTZNER, Circuit Judge:

■ Olivia S. Huntley, complaining about the revocation of her teacher's certificate, appeals from an order of the district court which denied her injunctive relief and damages.[1] We reverse and remand for further proceedings because we believe Mrs. Huntley was not afforded due process of law.[2]

I

In May 1967, the North Carolina State Board of Education issued Mrs. Huntley a Permanent Grammar Grade Teacher Certificate. The Lumberton City Board of Education subsequently employed her for the 1967–68 school year, and she began teaching in September. On October 9 the State Superintendent of Public Instruction furnished Mrs. Huntley a report that established to the satisfaction of a member of the Attorney General's staff that Mrs. Huntley was not entitled to the teacher's certificate because she had obtained it by fraud. On the basis of this information, the superintendent declared Mrs. Huntley's certificate invalid. Mrs. Huntley was never formally discharged, but on November 20 her pay was stopped. There can be no question that this action was tantamount to dis-

---

1. The case was originally heard by the Honorable Edwin M. Stanley, who was formerly Chief Judge of the Middle District of North Carolina, but his untimely death occurred before a decision was rendered. With the concurrence of all parties, Chief Judge Gordon decided the case on the record and the transcript of the oral argument made in the trial over which Judge Stanley presided.

2. We note that the North Carolina State Board of Education apparently is not a "person" within the meaning of 42 U.S.C. § 1983, upon which, in conjunction with 28 U.S.C. § 1343(3), the district court's jurisdiction is founded. On remand, the court may consider dismissing the action against that particular defendant. Mrs. Huntley also named two individuals, but she should be permitted to amend her complaint to name others if she be so advised. City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); Burris v. State Department of Public Welfare of South Carolina, 491 F.2d 762 (4th Cir., 1974).

charge; an assistant attorney general later conceded as much.[3]

Mrs. Huntley consulted counsel, who, on November 27, wrote the Attorney General's office requesting information and stating that she was ready and willing to teach. A member of the Attorney General's staff responded on November 30 outlining the charges and evidence against Mrs. Huntley, but declined to furnish a copy of the State Bureau of Investigation report of the incident without a court order. Simultaneously, Mrs. Huntley and her attorney were given notice that on December 7 the State Board of Education would afford her a hearing. The notice recited that an investigation had "disclosed information from which the Superintendent of Public Instruction in his capacity as Secretary to the North Carolina State Board of Education is satisfied that Olivia S. Huntley was not the same individual who took the March 18th, 1967 National Teacher's Examination and having so satisfied himself on October 9th, 1967 notified Olivia S. Huntley by United States Mail that the Grammar Grade Certificate issued to her on May 3rd, 1967 as a result of the score reported on the March 18th, 1967 administration of the National Teacher's Examination, was declared invalid." The notice provided that Mrs. Huntley could appear with counsel "to show cause, if any she has, why the North Carolina State Board of Education should reinstate the Grammar Grade Certificate issued in her name on May 3, 1967 and subsequently declared invalid on October 9, 1967."

Mrs. Huntley's attorney responded by letter on December 4, pointing out that the *ex parte* invalidation of the certificate on October 9 had deprived Mrs. Huntley of due process of law. He argued that placing the burden of proof on her to show why the certificate should be reinstated would compound this constitutional wrong. Unnecessarily, we believe, he asserted that "If we participated in such a hearing, it would be tantamount to a concession on our part that the revocation was valid and lawful in the first instance, a point which we are not willing to concede." Accordingly, he added that Mrs. Huntley would not participate in the hearing.

The Attorney General's office replied on December 5 furnishing additional information concerning charges against Mrs. Huntley and stating that the December 7 hearing would proceed as scheduled. The staff attorney, writing on behalf of the Attorney General, did not suggest that Mrs. Huntley's lawyer had misinterpreted the notice or that Mrs. Huntley would not be required to assume the burden of proof. The Board of Education then conducted the hearing on December 7 in the absence of Mrs. Huntley and her attorney. After evidence had been introduced pertaining to the charge against Mrs. Huntley, the board revoked her certificate.

## II

██ Mrs. Huntley's principal complaint is that the procedures utilized to invalidate her certificate denied her due process of law.[4] Quite properly, the district court recognized that the *ex parte* invalidation of her certificate by the Superintendent of Public Instruction on October 9 did not afford due process to Mrs. Huntley. Though Mrs. Huntley

3. During the course of the hearing before Judge Stanley, an Assistant Attorney General told the court, "the State defendant— whom I represent in this action—will admit that this school really had no choice once Mrs. Huntley's certificate was revoked. They could not continue to employ her."

4. Mrs. Huntley also challenged the validity of the regulation which was cited as authority for the revocation of her certificate, claiming it had not been filed with the Secretary of State as required by N.C.G.S. § 143–195, and she complained that the notification of the hearing was so late that she and her attorney lacked adequate preparation time. We need not address these allegations in view of our disposition of the case. We deem it particularly appropriate for the state law issue to be initially considered by state officials in the administrative hearing to which Mrs. Huntley is entitled.

was a non-tenured teacher, she had a property interest in her contractual teaching position for the 1967–68 term. Additionally, the charge of fraudulently procuring the certificate placed her reputation at stake. For both of these reasons, she was entitled to notice and an opportunity to be heard. *See* Board of Regents v. Roth, 408 U.S. 564, 573, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (dictum).

We conclude, therefore, in agreement with the district judge, that the October 9 invalidation of the certificate was constitutionally deficient.

### III

The school officials assert, and the district court agreed, that the December 7 hearing satisfied the requirements of due process. We may assume for the purposes of this decision that the gravity of the charges against Mrs. Huntley would have justified immediate suspension pending a hearing. Opp Cotton Mills, Inc. v. Administrator, 312 U.S. 126, 152, 61 S.Ct. 524, 85 L.Ed. 624 (1941); Reed v. Franke, 297 F.2d 17, 27 (4th Cir. 1961). We turn, therefore, to an examination of the December 7 proceedings.

■ Due process requires that the notice of a hearing must be appropriate to the occasion and reasonably calculated to inform the person to whom it is directed of the nature of the proceedings. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The notice in this case was cast in the form of a show cause order. As Judge Parker explained in Shirer v. Anderson, 88 F.Supp. 858, 861 (E.D.S.C.1950) (three-judge court) a "show cause order does not prejudge the case but merely notifies the teacher of charges he is required to meet." Thus, if the show cause notice in this case had outlined the charges against Mrs. Huntley and notified her to show cause why her certificate should not be revoked, as did the show cause order in *Shirer,* the case would present no problem. In contrast, the notice was reason-

ably calculated to indicate to Mrs. Huntley and her attorney that her fraud had already been lawfully established, that the October 9 *ex parte* invalidation was proper, and that all she was now being offered was an opportunity to prove that the earlier administrative action was unjustified. It was this interpretation of the notice which her lawyer used as the basis of his written objection of December 4: The failure of the reply from the Attorney General's office to contradict this interpretation served to reinforce it.

■ Over the years a rule has wisely evolved that one who charges fraud must prove it by clear and satisfactory evidence. On the other hand, one challenging an administrative adjudication usually has the burden of showing that it was arbitrary or without substantial evidentiary support. The proceedings of a board of education need not be conducted with the scrupulous regard for procedural niceties that the law imposes on courts. Nevertheless, the differences between the notice approved in *Shirer* and the notice in this case are more fundamental than semantic. The notice in this case heralded a proceeding that was mistakenly premised on an unconstitutional invalidation of Mrs. Huntley's certificate. Building on this untenable foundation, it indicated that Mrs. Huntley would have the burden of proving the October 9 invalidation was unwarranted.

■ Mrs. Huntley and her lawyer compounded Mrs. Huntley's difficulties by their decision not to appear at the board meeting. Under different circumstances, their absence, which we do not condone, could be construed as a waiver of procedural irregularities. *Cf* Harris v. Smith, 418 F.2d 899, 901 (2d Cir. 1969). However, the letter of December 4 written by Mrs. Huntley's lawyer amounted to a special appearance fully setting forth the reasons why she claimed she was denied due process by the *ex parte* invalidation of October 9 and why she protested the indicated shift in the burden of proof. The letter

was exhibited to the board and made a part of the official record of the meeting.

Notwithstanding the objections expressed by Mrs. Huntley's attorney, the meeting proceeded on the basis that her certificate had been lawfully invalidated on October 9. In an opening statement, the staff attorney general announced:

"The purpose of this hearing is to present evidence before the State Board of Education so that it may determine whether a grammar grade or Class A certificate issued to Mrs. Olivia S. Huntley by the North Carolina Department of Instruction, Public Instruction, excuse me, on May 3, 1967, and revoked by letter of October 9, 1967, from Dr. Charles F. Carroll, Secretary of the State Board of Education, should be reinstated."

At the conclusion of the hearing after the presentation of evidence, the staff attorney general said:

"[R]evocation of Mrs. Huntley's certificate on October 9, 1967, was in fact justified, and . . . this Board should reaffirm that particular revocation."

When a member of the board questioned whether state law authorized the Superintendent to revoke the certificate, the staff attorney replied that the Attorney General's office would not admit lack of authority. He then added:

"We would urge that in order to— shall we say *conclusively* revoke Mrs. Huntley's certificate, that the Board take that action at this time." (Italics added).

The board then passed a resolution that the certificate issued to Mrs. Huntley on May 3, 1967 was "revoked now, effective as of the date of issuance . . . ." It did not vote on Mrs. Huntley's reinstatement, as its notice indicated it would.

The defect in the board's notice and the procedure it followed is illustrated by Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965), in which the Court held that because of a shift in the burden of proof, the absence

of proper notice for an adoption proceeding was not cured by a subsequent hearing to set the adoption aside. Reversing an order that "confirmed" the original decree, the Court pointedly observed:

"The trial court could have fully accorded this right [the opportunity to be heard] to the petitioner only by granting his motion to set aside the decree and consider the case anew. Only that would have wiped the slate clean. Only that would have restored the petitioner to the position he would have occupied had due process of law been accorded *to him in the first place.*" 380 U.S. at 552, 85 S.Ct. at 1191 (brackets added).

■ The impact of *Armstrong* cannot be avoided by the argument that the state assumed the burden of proof because it presented evidence of Mrs. Huntley's alleged fraud. Part of the evidence placed before the Board was the invalid revocation of October 9, which the Board never ruled was unlawful. In short, the Board didn't wipe the slate clean. Furthermore, even if the Board properly allocated the burden of proof, it gave no notice of its change in the rules under which it would proceed. At some point after the beginning of the hearing, it abandoned its reinstatement proceedings for which it had given notice. It ended by conducting a revocation hearing—the very thing Mrs. Huntley's attorney had been insisting she was entitled to—but it changed its procedure in midstream without giving her notice of its intentions. We conclude, therefore, that the defective notice, the change in the purpose of the meeting without further notice, and the failure of the Board to recognize the invalidity of the October 9 revocation, denied Mrs. Huntley due process of law.

The board asserts that Mrs. Huntley is not entitled to equitable relief because she has unclean hands. The difficulty with this argument is that no forum has lawfully heard the charge against her. The district court properly confined its inquiry to procedural issues and did not undertake to determine

whether she had practiced the fraud with which she is charged. The school officials have not yet established the truth of the charges by proceedings that afforded Mrs. Huntley due process.

Accordingly the decision of the district court is reversed, and this case is remanded for the entry of an order adjudicating that the invalidation of Mrs. Huntley's certificate by the superintendent on October 9 and the revocation of her certificate by the board on December 7, 1967 are of no effect. The order should provide that it is without prejudice to the right of the board to determine whether Mrs. Huntley's certificate should be revoked in proceedings at which she is afforded an opportunity to be heard on the charges against her. If the charges are sustained, Mrs. Huntley would not be entitled to damages, because her fraud invalidated the issuance of her certificate. If she prevails, the district court should reopen the case to consider damages.

Reversed and Remanded.

WIDENER, Circuit Judge, concurs in the result.