**In re William Angus Brown, bankrupt.**

**William Angus BROWN, Appellant,**

**v.**

**George B. BUCHANAN, Jr., et al., Appellees.**

**No. 75–365–N.**

United States District Court, E. D. Virginia, Norfolk Division.

Dec. 1, 1975.

James A. Gorry, III, Virginia Beach, Va., for appellant.

Janet Burt, Virginia Beach, Va., Jerrold G. Weinberg, Trustee, Norfolk, Va., for appellees.

## MEMORANDUM OPINION

KELLAM, Chief Judge.

In the Spring of 1974, appellant approached appellees soliciting from them funds for investment in a limited partnership which would own and operate a 100-unit apartment complex in Henderson, North Carolina. Appellees, on August 13, 1974, gave to appellant checks totalling $60,000 and letters of credit for a like sum, pursuant to assurances by appellant that he already owned the property involved, that financing for the project was committed, that the letters of credit would not be used for construction, but would simply be retained by the construction money lender as security, that the property would include swimming pools and tennis courts, and that the property was properly zoned for the proposed project. The project ran into financial difficulty, financing sources declined, and Brown drew $35,000 on appellees' letters of credit.

Thereafter, appellant filed a voluntary petition in bankruptcy seeking to discharge any and all liability to appellees on account of the above-mentioned investments. Appellees filed a complaint pursuant to 11 U.S.C. § 35(a)(2) praying that the Bankruptcy Court declare the debt owed them by appellant to be nondischargeable and also award them judgment in the principal sum of $95,000. The Bankruptcy Judge found the debt not discharged in bankruptcy and awarded appellees $95,000.

Appellant perfected his appeal arguing that the judgment below should be reversed on the grounds that the Bankruptcy Judge employed the wrong standard of proof in finding fraud on the part of appellant. Appellant contends that the proper standard to be applied in this case is that fraud be established by clear and convincing evidence, and that the Bankruptcy Judge determined that fraud had only been established by a preponderance of the evidence.

The gravamen of appellant's argument is that there is nothing intrinsically federal about the issue raised in appellees' complaint. He says appellees could have brought their suit in State Court and been awarded the same judgment; that inasmuch as the Virginia Courts require proof of fraud by evidence which is clear and convincing, the same standard must be applied here. *Martin v. Williams,* 194 Va. 437, 73 S.E.2d 355 (1952). Appellant contends that determination of the proper standard of proof is a matter of state law within the meaning of *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937), because the issue here is not intrinsically federal and, therefore, akin to the diversity situation. Alternatively, appellant contends that if the standard in issue is not controlled by the *Erie* rationale, then the outcome determinative doctrine as discussed in *Guaranty Trust Co. of New York v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) governs. That doctrine is designed to insure that the outcome of diversity litigation in Federal Court should be substantially the same, so far as legal rules

determine the outcome of a litigation, as it would be if tried in a State Court.

The gist of appellees' argument is that bankruptcy is a creature of federal statute and therefore federal standards apply[1] and the federal standard to be applied here is proof by a preponderance of the evidence. Appellees cite Judge Michie's opinion in *Sweet v. Ritter Finance Co.,* 263 F.Supp. 540 (W.D.Va.1967) in support of this contention.

■ Article I, section 8 of the United States Constitution provides that the Congress shall have power to establish uniform bankruptcy laws throughout the Nation. Any such laws promulgated by the Congress operate to suspend any state law in conflict with them. *Stellwagen v. Clum,* 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507 (1918); *Sturges v. Crowninshield,* 4 Wheat. 120, 4 L.Ed. 529 (1819); *Ogden v. Saunders,* 12 Wheat. 212, 6 L.Ed. 606 (1827). By the 1970 amendment of 11 U.S.C. § 35(a)(2), the Bankruptcy Judge has exclusive jurisdiction over actions to determine the dischargeability of debts of a bankrupt. *In re Mountjoy,* 368 F.Supp. 1087 (W.D.Mo.1973). The complaint in this case is solely federal in nature and not in the nature of a diversity action. *Erie* and its progeny are not controlling and a federal standard is applicable.

■ A discussion of the sufficiency of the evidence to satisfy the burden of proof in discharge proceedings is found in 1A, *Collier on Bankruptcy,* ¶ 14.13, pp. 1307–1308, 14th ed., 1975. Under § 14(e) of the Bankruptcy Act, prior to the new Bankruptcy Rules, the party objecting to discharge had the burden of satisfying the Court that there were reasonable grounds for believing that the bankrupt had committed one of the acts specified in the objection to discharge. If these grounds were established to the satisfaction of the Court, the burden shifted to the bankrupt to prove that the allegations in the objection were untrue and the objection unwarranted. Decisions construing § 14(e) held that where

evidence in the proceeding was in a state of equilibrium, the discharge must be denied, as the bankrupt had failed to carry the burden of proving that he had not committed the alleged act. However, Rule 407 changed this burden. Now the objector has the burden of proof. If he meets the burden, the burden of going forward with the evidence will be upon the bankrupt, with the Court determining when this burden rests on the bankrupt. If he goes forward with the evidence, the complaint must be dismissed and so if the evidence is in equilibrium, the bankrupt's debt will be discharged if Rule 404(d) conditions are complied with.

■ It has been stated that evidence on objections to discharge based on fraud shall be sufficient to sustain a civil action for fraud or deceit. *In the Matter of Leach,* 197 F.Supp. 513 (W.D.Ark.1961), citing *In re Collins,* 157 F. 120 (E.D.Ark.1907). For evidence to be sufficient to sustain a civil action for fraud or deceit, it must be clear and convincing. *See United States v. Societe Anonyme des Anciens Etablissements Cail,* 224 U.S. 309, 32 S.Ct. 479, 56 L.Ed. 778; *Southern Development Co. v. Silva,* 125 U.S. 247, 8 S.Ct. 881, 31 L.Ed. 678 (1888). The Fourth Circuit in *Manly v. Ohio Shoe Co.,* 25 F.2d 384 (4th Cir. 1928), a bankruptcy suit wherein seller was allowed to rescind a contract he had with the bankrupt on the grounds of fraud and false representations and reclaim goods held by the Trustee, said:

> There is little in the suggested danger of improper preferences being obtained under the guise of thus rescinding contracts of sale and reclaiming goods sold on the ground of fraud; for in every case, the fraud must be established to the *satisfaction* of the court by evidence *clear, unequivocal, and convincing.* (emphasis added)

In *Ames v. Moir,* 138 U.S. 306, at 311, 11 S.Ct. 311, at 312, 34 L.Ed. 951, the Court said:

---

1. *See Deitrick, Receiver v. Greaney,* 309 U.S. 190, 200, 60 S.Ct. 480, 84 L.Ed. 694 (1940); *Board of County Commissioners of Jackson Co. v. U.S.,* 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313 (1939); *Guaranty Trust Co. of New York v. York, supra.*

It is the settled doctrine of this court that "fraud" in the act of Congress defining the debts from which a bankrupt is not relieved by a discharge in bankruptcy means "positive fraud, or fraud in fact involving moral turpitude or intentional wrong, as does embezzlement, and not implied fraud or fraud in law, which may exist without the imputation of bad faith or immorality." *Neal v. Clark,* 95 U.S. 704, 709, [24 L.Ed. 586]; *Wolf v. Stix,* 99 U.S. 1, 7, [25 L.Ed. 309]; *Hennequin v. Clews,* 111 U.S. 676, 682, [4 S.Ct. 576, 28 L.Ed. 565]; *Strang v. Bradner,* 114 U.S. 555, 559, [5 S.Ct. 1038, 29 L.Ed. 248]; *Noble v. Hammond,* 129 U.S. 65, 69, [9 S.Ct. 235, 32 L.Ed. 621]; *Upshur v. Briscoe,* post, [138 U.S. 365, 11 S.Ct. 313, 34 L.Ed. 931].

■ Fraud is never presumed, but must be clearly alleged and must be proven by clear and convincing evidence. The Supreme Court dealt with this issue in *Oriel v. Russell,* 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419. There bankrupts were directed to turn over property to the Trustee in Bankruptcy. The parties asserted they did not have the books. Upon disputed evidence the Referee found the books were in the possession of the bankrupts, and upon failure to comply the bankrupts were confined to jail. There the Supreme Court said that the proceeding "for a turnover order in bankruptcy is one the right to which should be supported by clear and convincing evidence." (Underscoring added). The Court said such a proceeding was a "charge equivalent to one of fraud, and must be established by the same kind of evidence required in a case of fraud in a court of equity. A mere preponderance of evidence in such a case is not enough." Id. 362, 49 S.Ct. at 174.

While the Supreme Court has used language setting forth the standard of proof in somewhat different words, the cases resolve themselves into the language of a preponderance of the evidence which is clear and convincing. *See Southern Development Co. v. Silva,* 125 U.S. 247 at 250, 8 S.Ct. 881, 31 L.Ed. 678, "clear and decisive proof;" *Far-*

*rar v. Churchill,* 135 U.S. 609, 615, 10 S.Ct. 771, 34 L.Ed. 246, facts must "be clearly made out;" *Chandler v. Pomeroy,* 143 U.S. 318 at 337, 12 S.Ct. 410, 36 L.Ed. 169, "the fact clearly and satisfactorily;" *Farnsworth v. Duffner,* 142 U.S. 43 at 48, 12 S.Ct. 164, 35 L.Ed. 931, "by clear and irrefragable evidence;" *Atlantic Delaine Co. v. James,* 94 U.S. 207 at 214, 24 L.Ed. 112, "unless the fraud be made clearly to appear;" *Lalone v. United States,* 164 U.S. 255, 257, 17 S.Ct. 74, 75, 41 L.Ed. 425, "the rule is of long standing, and is of universal application, that the evidence tending to prove fraud and upon which to found a verdict or decree, must be clear and satisfactory." *See also* 37 C.J.S. Fraud § 113, page 426, etc., 37 Am.Jur.2d page 642, subject Fraud & Deceit, ¶ 468 and 469.

In *Holley Coal Co. v. Globe Indemnity Co.,* 186 F.2d 291, 296 (4th Cir. 1950), in dealing with the sufficiency of proof to prove fraud, the Court said:

It is true that when fraud or dishonesty is an element of a civil suit, it must be shown by clear and convincing evidence.

In 1974, the Fourth Circuit in *Huntley v. North Carolina State Board of Education,* 493 F.2d 1016 (4th Cir. 1974), an injunction and damages action brought by a nontenured teacher whose teacher's certificate had been revoked, said:

Over the years a rule has wisely evolved that one who charges fraud must prove it by clear and satisfactory evidence.

Mr. Justice Tom C. Clark writing in *General Finance Corp. v. Fidelity and Casualty Co. of New York,* 439 F.2d 981 (8th Cir. 1971), a diversity action by trustee of bankrupt corporation to recover under fidelity bond issued by defendant, said:

While it is true that fraud and dishonesty may never be presumed and left to mere speculation, *Continental Casualty Co. v. First Nat'l Bank,* 116 F.2d 885 (C.A. 5, 1941), cert. denied 313 U.S. 575, 61 S.Ct. 1087, 85 L.Ed. 1533 (1941), more is not required than that it be established by a fair preponderance of the evidence which, of course, must be clear and convincing.

For other cases holding that fraud is never presumed and must be proven by a preponderance of the evidence which is clear and convincing, or by clear and convincing evidence, *see McDonnell v. American Leduc Petroleums, Limited,* 2 Cir., 456 F.2d 1170, appealed after remand 491 F.2d 380 (2d Cir. 1972); *Eastern Express, Inc. v. Mack Warehouse Corp.,* 326 F.2d 554 (3d Cir. 1964), cert. denied 377 U.S. 966, 84 S.Ct. 1647, 12 L.Ed.2d 737; *Fairchild v. C.I.R.,* 462 F.2d 462 (3d Cir. 1972); *Huntley v. N.C. Board of Ed.,* 493 F.2d 1016 (4th Cir. 1974); *Merrill-Stevens Dry Dock Co. v. M/V LAISSEZ FAIRE,* 421 F.2d 430 (5th Cir. 1970); *Hogan v. Wright,* 356 F.2d 595 (6th Cir. 1966); *Mack v. Earle M. Jorgensen Co.,* 467 F.2d 1177 (7th Cir. 1972; *Kelly Tire Service, Inc. v. Kelly-Springfield Tire Co.,* 338 F.2d 248 (8th Cir. 1964); *Fruit Industries Research Foundation v. National Cash Register Co.,* 406 F.2d 546 (9th Cir. 1969); *Gomes v. Williams,* 420 F.2d 1364 (10th Cir. 1970).

While bankruptcy is a creature of federal law and in determining the burden of proof necessary to establish fraud in a proceeding objecting to a discharge, federal law should be applied, it is of no real moment in the instant case, for the standard of proof is the same whether we apply federal law or the law of Virginia.

Inasmuch as the standard of proof is by evidence which is clear and convincing, the matter must be remanded to the Bankruptcy Court to permit that Court to determine whether the evidence presented meets that test or falls short of it. This Court expresses no opinion on this issue.