Douglas C. OSMER, Plaintiff,

v.

Victor E. MOILES, Defendant.

Civ. A. No. 605.

United States District Court,
E. D. Michigan, S. D.

Dec. 17, 1975.

Armand D. Bove by Richard C. McKnight, Harper Woods, Mich., for plaintiff.

Gerald D. Lostracco, Pros. Atty., Shiawassee County, Owosso, Mich., for defendant.

### MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

This is a civil rights action under 42 U.S.C. § 1983 concerning whether a discharged public employee is entitled to a hearing on the reasons for his discharge. Defendant has moved the Court for summary judgment on the grounds that plaintiff was a probationary employee and had no right or entitlement to his position. After having received briefs from counsel, with neither party requesting oral argument, and after complete consideration of the matter, with the Court being fully advised in the premises, the Court in its discretion will decide the matter without oral argument.

Plaintiff was a probationary deputy sheriff with the Shiawassee County Sheriff's Department. Within one week of plaintiff's commencing his duties as a deputy sheriff, the Sheriff, Victor E. Moiles, claims to have received a complaint from a citizen stating that plaintiff used his gun and badge when off duty and out of uniform in an attempt to collect a private debt. Following this complaint, defendant informed plaintiff

of the situation and advised plaintiff that he was discharged.

■ Plaintiff claims that he is entitled to a hearing on the reasons for his discharge because of the stigma and disability which such imposed on him. It is, of course, well settled that the mere fact of discharge does not entitle an employee to a hearing. Under the decisions of the Supreme Court in *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), and in *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), a public employee is entitled to a hearing on the reasons for his discharge only if the discharge deprived him of an interest in liberty or property as guaranteed by the Fourteenth Amendment.

Plaintiff does not claim that he is entitled to a hearing because the decision to discharge him deprived him of any interest in "property" that he held in the continuation of his employment. Plaintiff's claim, rather, is that the charge of which he was accused when discharged is of such a serious nature that he is entitled to an opportunity to clear his name.

In *Board of Regents v. Roth, supra,* the Supreme Court recognized that a decision to discharge a person may so seriously damage a person that interests in liberty would be implicated, meaning that the person would be entitled to a hearing. In finding that such an interest was not involved in that case, the Court stated:

> "There might be cases in which a State refused to re-employ a person under such circumstances that interests in liberty would be implicated. But this is not such a case.
>
> "The State, in declining to rehire the respondent, did not make any charge against him that might seriously damage his standing and associations in his community. It did not base the nonrenewal of his contract on a charge, for example, that he had been guilty of dishonesty, or immorality. Had it done so, this would be a different case. For '[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.' . . . "Similarly, there is no suggestion that the State, in declining to re-employ the respondent, imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities . . . Had it done so, this, again, would be a different case. For '[t]o be deprived not only of present government employment but of future opportunity for it certainly is no small injury.'
> . . . "

■ The amount of stigma which must first be imposed in order to entitle a probationer to a hearing on the reasons for his discharge is necessarily high. Every involuntary discharge involves stigma which may foreclose future employment opportunities, but the very purposes of a probationary period is to allow an employer the opportunity to determine whether it wishes to continue a person as an employee. Thus, due process does not require a hearing where an employee is dismissed on a general charge of incompetency. *Blair v. Board of Regents,* 496 F.2d 322 (CA 6, 1974). Likewise, a discharge for a specific instance of misconduct does not entitle a person to a hearing where there is no showing of stigma or that future employment opportunities have been foreclosed. *Lake Michigan College Federation of Teachers v. Lake Michigan Community College,* 518 F.2d 1091 (CA 6, 1975).

In the case before the Court, the parties agree that the reason plaintiff was discharged was for his allegedly displaying his badge and drawing his gun when off duty and out of uniform in an attempt to collect a private debt from a citizen. Plaintiff claims that as a result of his discharge he has been unable to obtain any position in his chosen field of law enforcement.

■ The facts alleged by plaintiff place this case within the exception recognized in *Roth.* The charge against

plaintiff is not general in nature but is specific and contains a great potential for stigmatization. Plaintiff was accused of using his position as a police officer for private interest and in a manner which could constitute the crimes of felonious assault, M.C.L.A. § 750.82, M.S.A. § 28.277, or armed robbery, M.C.L.A. § 750.529, M.S.A. § 28.797, under Michigan law. Plaintiff claims that this potential for stigma has become a reality, because as a result of the reason stated for his discharge he is precluded from obtaining other employment.

In *Davis v. Paul,* 505 F.2d 1180 (CA 6, 1974), cert. granted 421 U.S. 909, 95 S.Ct. 1556, 43 L.Ed.2d 773 (1975), the Court of Appeals held that due process was denied where police labelled an unconvicted person as an "active shoplifter" and distributed this information to merchants. Although *Davis* did not involve an employer-employee situation, the Court held that the result was mandated by *Roth,* and stated:

> "Condemning a man to a suspect class without a trial and on a wholly impermissible standard, as in the case at bar, offends the very essence of the Due Process Clause, i. e., protection of the individual against arbitrary action." 505 F.2d at 1184.

In cases involving the discharge by an employer of an employee, the reasoning of *Davis* equally applies. Although an employer may be entitled to discharge an employee for any reason, due process requires a hearing where the employer stigmatizes the person as mentally ill, fraudulent, or untruthful. *Lombard v. Board of Education,* 502 F.2d 631, 637–38 (CA 2, 1974), *cert. den.* 420 U.S. 976, 96 S.Ct. 1400, 43 L.Ed.2d 656 (1975); *Huntley v. Board of Education,* 493 F.2d 1016, 1019 (CA 4, 1974); *Hostrop v. Board of Junior College District No. 515,* 471 F.2d 488, 494 (CA 7, 1972), *cert. den.* 411 U.S. 967, 93 S.Ct. 2150, 36 L.Ed.2d 688 (1973).

Since there is a genuine issue as to whether plaintiff was seriously stigmatized by the reasons stated for the discharge, the matter is not appropriate for summary judgment. *Davis v. Paul, supra.* Accordingly, defendant's motion for summary judgment will be and hereby is denied.

IT IS SO ORDERED.