**Herman DUARTE, Plaintiff-Appellant,**

v.

**UNITED STATES of America and United States Coast Guard, Defendants-Appellees.**

**No. 657, Docket 75–6101.**

United States Court of Appeals, Second Circuit.

Argued March 5, 1976.

Decided March 26, 1976.

John K. Villa, Dept. of Justice, Washington, D. C. (Rex E. Lee, Asst. Atty. Gen., Washington, D. C., Paul J. Curran, U. S. Atty., S. D. N. Y., New York City, and William Kanter, Dept. of Justice, Washington, D. C., on the brief), for appellees.

Edward M. Katz, New York City (Abraham E. Freedman, New York City, on the brief), for appellant.

Before KAUFMAN, Chief Judge, and SMITH and ANDERSON, Circuit Judges.

ROBERT P. ANDERSON, Circuit Judge:

The appellant Herman Duarte was a merchant seaman aboard the S.S. American Challenger when he was arrested in October of 1972 by local police while ashore in South Vietnam. He was charged with possession of marijuana and with currency violations. He was held in jail for eight days, after which he returned to his ship. He later went ashore to appear at the proceedings against him. While ashore, but prior to the court hearing, a United States Coast Guard officer informed him that he was under investigation by the Coast Guard for possession of marijuana and that he could

voluntarily surrender his Merchant Mariner's Document at that time or answer charges at an administrative hearing in the United States. Appellant elected to surrender his papers and signed a form entitled "Voluntary Surrender Agreement," which recited, in part:

> "I understand that I permanently relinquish all right to [my] Merchant Mariner's Document . . . and further, I hereby waive the right to a hearing, appeal and judicial review."

Duarte was subsequently found guilty by the South Vietnamese court and fined 5,000 piasters "for using marijuana."

Following his return to the United States, Duarte unsuccessfully sought to recover his Merchant Mariner's Document from the Coast Guard and commenced this suit to compel its return and to obtain damages against the United States and the United States Coast Guard for taking and withholding his document allegedly in violation of the Fifth Amendment's guarantee of due process, which resulted in his inability to earn a living at sea. Prior to the judgment of the court below, the Coast Guard agreed to return Duarte's document, so that only his claim for damages remained to be adjudicated. This claim was based on an alleged violation of due process in the procedure by which the Coast Guard obtained Duarte's surrender of the document in South Vietnam, more particularly the failure to advise him of his right to counsel at any subsequent hearing or of the possibility under Coast Guard regulation 46 C.F.R. § 5.03–4 (formerly § 137.03–4) that he might not lose his Merchant Mariner's Document; and the failure to provide him with a copy of the charge and notice of the time and place of the hearing. Duarte contended, therefore, that he had not voluntarily made a knowing waiver of his right to a hearing.[1]

On an analogy to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), where the Supreme Court held that violation of the Fourth Amendment's prohibition against unreasonable searches and seizures "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct," 403 U.S. at 389, 91 S.Ct. at 2001, 29 L.Ed.2d at 622, appellant contends that a damage remedy should be equally available for the asserted violation of his Fifth Amendment rights.

Although on cross motions for summary judgment, the district court held that the Government had failed in its obligation to apprise Duarte of all the facts necessary for a knowing waiver of his right to a hearing, it nevertheless granted summary judgment in the Government's favor, because it held that even if a claim for damages should lie under the Fifth Amendment—a question the court did not reach—the good faith of the Coast Guard officers in this case would constitute a valid defense to appellant's suit. In support of this holding the district court cited this court's decision on remand in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 456 F.2d 1339 (2 Cir. 1972), which established a good faith defense in damage suits against federal agents for violating the plaintiff's constitutional rights. The present action, however, was not brought against the individual Coast Guard officers, and the appellant concedes that the officers correctly applied the relevant Coast Guard regulations.

We affirm the district court's judgment dismissing appellant's action, but for a different reason than that relied on by the district court. The Supreme Court's decision in *United States v. Testan*, —— U.S. ——, 96 S.Ct. 948, 47 L.Ed.2d 114, 44 U.S.L.W. 4245 (1976), makes it clear that Duarte has no right to recover damages against the United States.[2] Jurisdiction in

---

1. Compare *Harris v. Smith*, 418 F.2d 899 (2 Cir. 1969).

2. The Court in *Testan* was reviewing a decision of the United States Court of Claims, which exercises jurisdiction under a Tucker Act grant, 28 U.S.C. § 1491, identical to that of § 1346(a)(2) except for the absence of a $10,000 limitation. Nothing in the Supreme Court's opinion indicates that its reasoning does not

the present case is based on the Tucker Act, 28 U.S.C. § 1346(a)(2), which provides:

"The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

\* \* \* \* \* \*

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

In *Testan*, the Supreme Court stated that the Tucker Act "is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." —— U.S. at ——, 96 S.Ct. at 953, 47 L.Ed.2d at 121, 44 U.S.L.W. at 4247. It is true that in *Bivens*, which involved a suit against individual federal agents, the Supreme Court found a damage remedy to exist on the general principle that "where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done," 403 U.S. at 396, 91 S.Ct. at 2004, 29 L.Ed.2d at 626, quoting from *Bell v. Hood*, 327 U.S. 678, 684, 66 S.Ct. 773, 777, 90 L.Ed. 939, 944 (1946) (footnote omitted in original). Appellant here, however, is suing the United States itself and faces an additional obstacle not present in *Bivens*, namely sovereign immunity. The Supreme Court in *Testan* explicitly rejected the argument that, under the Tucker Act, "all substantive rights of necessity create a waiver of sovereign immunity such that money damages are available to redress their violation," —— U.S. at ——, 96 S.Ct. at 954, 47 L.Ed.2d at 122, 44 U.S.L.W. at 4248. On the contrary, it stated that to recover against the United States, the "grant of a right of action must be made with *specificity*," *id.* (emphasis supplied); "the basis of the federal claim—whether it be the Constitution, a statute, or a regulation—does not create a cause of action for money damages unless . . . that basis 'in itself' 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *Id.* quoting from *Eastport Steamship Corp. v. United States*, 372 F.2d 1002, 1008–1009, 178 Ct.Cl. 599, 607 (1967). Appellant has suggested no theory by which one may interpret the due process clause of the Fifth Amendment as specifically affording compensation by the United States government for violations thereof, nor does this court believe such an interpretation to be possible.[3] We hold, therefore, that the appellant may not recover damages from the United States under the Tucker Act on the claim that the procedures by which he surrendered his Merchant Mariner's Document violated the requirements of due process.

The judgment of the district court is affirmed.

---

apply with equal force to actions brought in the district courts under § 1346(a)(2).

3. As the Supreme Court noted in *Testan*, the cases recognizing claims under the Tucker Act for compensation where private property has been taken by the Government, *e.g.*, Regional Rail Reorganization Act Cases, 419 U.S. 102, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974), are distinguishable since they "are tied to the language, purpose and self-executing aspects of" the Fifth Amendment's provision requiring "just compensation" where private property is taken for public use. —— U.S. ——, ——, 96 S.Ct. 948, 954, 47 L.Ed.2d 114, 122, 44 U.S.L.W. 4245, 4248.