Karen Nicholson PAINE, M.D.

v.

BRUNSWICK COUNTY HOSPITAL AUTHORITY, Mason H. Anderson, Clyde R. Babson, E. A. Britt, Louis Brown, Dorothy Gilbert, D. R. Hankins, Caesar Hardy, Percy Hewett, Thurston H. Mintz, Pauline Morgan, Albert Parker and Warren A. Oliver.

No. 78–0032–CIV–7.

United States District Court,
E. D. North Carolina,
Wilmington Division.

Oct. 13, 1978.

Ben A. Rich, Edward E. Hollowell, of Hollowell, Silverstein, Rich & Brady, P.A., Raleigh, N.C., for plaintiff.

James L. Nelson, Alexander M. Hall, Wilmington, N.C., for defendants.

ORDER

LARKINS, Chief Judge:

This is an action brought by Plaintiff Dr. Karen Nicholson Paine, M.D., on April 19, 1978, against the Brunswick County Hospital Authority and a number of individuals connected with that institution. Plaintiff alleges jurisdiction under the provisions of Title 28 U.S.C. Sections 1331, 1341, and 2201, asserting that the rights to be secured by this action are rights, privileges and immunities guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

Plaintiff's action sought a preliminary and permanent injunction to enjoin the defendants from refusing to permit the facilities of Brunswick County Hospital to be used by the plaintiff as a physician and surgeon. It also was to enjoin the plaintiffs from enforcing any rule, regulation or custom of said hospital which denies or deprives the plaintiff of her rights guaranteed by the Due Process Clause of the 14th Amendment.

Plaintiff asserts that the defendant Brunswick County Hospital Authority is a public body and a body corporate and politic exercising powers, organized and existing under the laws of the State of North Carolina (see Chapter 131 of the General Statutes of North Carolina.)

Particular statutes of importance dealing with hospitals and their administration contained within the North Carolina General Statute 131 will be set out in pertinent part here.

NCGS 131–9. Trustees to have control, and to make regulations; lease of hospital to nonprofit association or corporation.— The board of hospital trustees shall make and adopt such bylaws, rules and regulations for their own guidance and for the government of the hospital as may be deemed expedient for the economic and equitable conduct thereof, . . .

NCGS 131–20. All persons subject to hospital regulations.—When such hospital is established, the physicians, nurses, attendants, the persons sick therein, and all per-

sons approaching or coming within the limits of same, and all furniture and other articles used or brought there, shall be subject to such rules and regulations as said board may prescribe.

NCGS 131–22. Regulation of physicians and nurses practicing in hospitals.—The board of trustees of such hospitals shall determine the conditions under which the privileges of practice within the hospital may be available to physicians, and shall promulgate reasonable rules and regulations governing the conduct of physicians and nurses while on duty in said hospital.

NCGS 131–28.19. Regulation of physicians and nurses.—The board of hospital trustees shall determine the conditions under which the privileges of practice within the hospitals under its jurisdiction and control shall be available to physicians, and the board shall promulgate reasonable rules and regulations governing the conduct of physicians and nurses while on duty in said hospitals.

Plaintiff further asserts that the individual named defendants are the duly appointed members of the Brunswick County Hospital Authority and have, by statutory authority, general charge of the business and administrative functions of Brunswick County Hospital. With this assertion, the Court is in complete agreement as the preceding statutes (and others not specifically mentioned in this order) outline such duties for the Board or Authority members. Defendant Oliver is the Executive Director and Administrator of Brunswick County Hospital Authority, acting as the chief executive officer of that hospital. In this capacity, he joins with the other named defendants from the Authority in directing the orderly maintenance and proper administration of the Brunswick County Hospital. Upon these individuals falls the duty to insure that said hospital is run with the best interest of patients and staff in mind. To do otherwise would be a dereliction of that duty.

Plaintiff, in her complaint, goes on to state that she was admitted to the medical staff of the Brunswick County Hospital on November 15, 1977. While no allegations as the term of the admission are set out by the plaintiff, the affidavits submitted by the defendant clearly set out that she was admitted under temporary privileges that were to be reviewed concerning the issuance of permanent privileges at a later time. (from the affidavit of Phlander Roosevelt Hankins, Jr., Vice-President of the Brunswick County Hospital Authority: "All doctors at the Brunswick County Hospital prior to April 10, 1978, were practicing under a temporary privilege to practice in said hospital.")

Plaintiff goes on to assert that on or about March 25, 1978, the defendants summarily revoked her staff privileges and that on April 8, 1978 the defendants revoked, or failed to renew, her staff privileges. Plaintiff claims that in revoking, or failing to renew, her staff privileges, the defendants failed to afford her any semblance of due process and, specifically, failed to give her any notice of the proceedings or charges against her. This court will address the issue of due process later in this opinion. At this point we will endeavor to set out the notification of hearings, complaints and actions taken by the Hospital Authority regarding the suspension and denial of Dr. Paine's practicing privileges.

The plaintiff's Complaint indicates that on or about March 25, 1978, she received notification that her staff privileges were being revoked for a two week period. This notification is confirmed by a letter dated March 27, 1978, in which the Hospital Authority indicated that such a suspension of privileges had taken place. The letter of March 27 set out the basis of the action taken and, further, notified the plaintiff that "Should any action adverse to you at this point" (October 8) "by this Authority be taken, we will give you the opportunity for any additional hearings you may request." Contained in that letter of March 27 was a recital of the opportunities given plaintiff to offer explanations and interviews with her patients at the meeting held March 25.

In a letter dated April 7, 1978 the Brunswick County Hospital Authority notified the plaintiff that she would not be granted privileges to practice in the hospital. Set out in that letter were the reasons that Dr. Paine was being denied hospital privileges. The Hospital Authority notified plaintiff that any action on her application for privileges to practice at Brunswick County Hospital would be withheld pending any Due Process Hearing she might request within 10 days following receipt of the April 7, 1978 letter.

By a letter dated May 26, 1978, to Mr. Ben Rich (attorney for the plaintiff) notification of a hearing to be held June 5, 1978 was given. This letter contained a rather exhaustive list of matters expected to arise at the June 5 hearing in relation to Dr. Paine's particular situation.

In a letter of June 8, 1978, defendant's attorney further particularized to the attorney for the plaintiff a list of specific instances of plaintiff's failure to properly maintain hospital records. In this letter (dated June 8) the attorney for the defendants indicated his desire to complete the hearing on Dr. Paine's application for permanent privileges as quickly as possible (the following week).

A second letter dated June 8, 1978, from defendant's attorney to the attorney for Dr. Paine set out further examples of the basis for the Hospital Authority's concern with Dr. Paine's professional conduct.

In a letter dated July 14, 1978, from Mr. Mason H. Anderson, Chairman of the Brunswick County Hospital Authority, to Mr. Ben Rich, attorney for the plaintiff, notification was given of a hearing set for 4:00 P.M., July 18, 1978, regarding Dr. Paine's privilege to practice at the Brunswick County Hospital. On July 18, 1978, Mr. Mason Anderson received notice, by a letter from Dr. Karen Paine, that she was formally withdrawing her application for permanent medical staff privileges at Brunswick County Hospital. By the same writing, Dr. Paine also withdrew her request for a hearing before the Authority with regard to the granting or denial of permanent staff privileges. No special appearance by counsel for the plaintiff or plaintiff herself appears within the record before this court as was the case in *Huntley v. The North Carolina State Board of Education, et al.*, 493 F.2d 1016 (4th Cir. 1974). Accordingly, we must assume that Dr. Paine's letter of July 18, 1978 was as it stated, . . . "my formal withdrawal for permanent privileges at Brunswick County Hospital and request for a hearing before the Authority with regard to that application."

The court looks to the withdrawal of application for permanent privileges by Dr. Paine as only partially determinative in this case. In this particular situation the charges against the plaintiff evidence a seriousness sufficient to justify her suspension pending a hearing. Plaintiff, by complaint, acknowledges that life-endangering practices may give authority to revoke the staff privileges of the plaintiff where she states: "In the absence of life-endangering practices, defendants are without authority to summarily revoke the staff privileges of the plaintiff." Defendants, by numerous affidavits, have met and rebutted the bare factual allegation made by the plaintiff that she conducted her practice skillfully and in keeping with accepted medical procedures. Plaintiff, by resting on the allegations of her complaint, has failed to submit sufficient evidence supporting the claimed factual dispute to demonstrate a need to resolve the purported issues at trial. *Barrett v. The Craven County Board of Education*, 70 F.R.D. 466 (E.D.N.C.1976).

Plaintiff makes several interesting points within her complaint which this court would like to address at this time. From the complaint filed April 19, 1978, where she states: "Every hospital has some discretion in making medical staff appointment." With that contention, this court is in complete agreement. The authorities of a hospital are responsible not only to the patients but also to the staff to insure the orderly and efficient operation of that institution. To insure that such operation is possible, certain discretion is mandatory; otherwise,

a change in the existing conditions could not be dealt with. This court finds that the Hospital Authority exercised the discretion plaintiff herself would allow when they chose not to renew her staff privileges due to existing problems which were viewed as life-endangering to the patients.

In her complaint Plaintiff states, "the physician is entitled to notice of the charges sufficiently in advance to give an adequate opportunity to prepare a defense." citing *Christhilf v. Annapolis*, 496 F.2d 174 (4th Cir. 1974). This court finds that as early as March 25, 1978, Plaintiff received notification of the revocation of her then existing temporary privileges. The basis of the March 25th action was set out in a letter dated March 27, 1978. Plaintiff has received adequate notice, in terms of time and the sufficiency of the charges to be addressed, to afford her more than an adequate opportunity to prepare a defense. Any delay in further determining what charges were to be defended against would seem to be due to the lack of prompt action on the part of the plaintiff or her attorney.

Plaintiff goes further to state: "Therefore, the doctor has an important interest in medical staff privileges. For this reason, the hospital must act fairly in evaluating questions concerning medical staff privileges." We agree that the doctor has such an important interest but that interest must be balanced against the interest of the other parties concerned (both staff, patients and administration). In light of this balancing of interest, this court finds that the hospital has acted fairly in evaluating the plaintiff's medical staff privileges. Every possible effort has been made by the defendants to afford plaintiff notice of the charges raised against her and to give her time to prepare and meet those charges at a hearing. A more than reasonable protection of the rights of the plaintiff has been evidenced by the actions of the defendants. The hospital's action in removing the plaintiff from the staff was neither unreasonable nor discriminatory. Ample documentation of the reasons for the Hospital Authority's concern over Dr. Paine's

performance has been presented to this court to justify a finding that her dismissal was neither unreasonable in light of the Authority's duties to patients and others nor was it based upon any discriminatory purposes.

The *Duffield* case, *Duffield v. Charleston*, 503 F.2d 512 (4th Cir. 1974) is cited by plaintiff as giving her the opportunity to confront and cross examine adverse witnesses and to call witness to testify. Plaintiff, herself, has refused this opportunity by formally withdrawing her application for staff privileges and a hearing in relation to the loss of those privileges. There can be no dispute as to the meaning or effect of Dr. Paine's words in the withdrawal of her application. *U. S. v. The J. B. Williams Company, Inc.*, 498 F.2d 414 (2nd Cir. 1974).

As Dr. Paine was notified of the matter pending and chose for herself to withdraw her application and hearing request and not to appear and contest, due process requirements have been met. *Harris v. Smith*, 418 F.2d 899 (1969). The procedures utilized by the Hospital Authority have provided for the elements of due process necessary in light of the considerations the Authority must employ to insure the safe operation of the hospital facility. The procedural niceties imposed on courts are not placed on Authorities such as are before us here. Dr. Paine has failed to demonstrate the lack of due process compliance or an arbitrariness that would compel this court to act in her favor. *Huntley v. The North Carolina State Board of Education, et al.*, 493 F.2d 1016 (4th Cir. 1974). This court finds that the July 18th letter of Dr. Paine is effective as a waiver of any procedural irregularities that might exist, although any such irregularities are not apparent to this Court.

Accordingly, it appearing to the Court that there is no genuine issue as to any material fact and that the Brunswick County Hospital Authority has conducted itself in accordance with Due Process Requirements, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT SUMMARY JUDGMENT IS GRANTED

IN FAVOR OF THE DEFENDANTS and that this action is DISMISSED with the costs to be taxed against the plaintiff.