United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-10009
Summary Calendar
_____

AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES LOCAL 1; JUSTIN MCCRARY,

Plaintiffs-Appellants,

versus

DAVID M. STONE, in his official capacity as
Acting Administrator, Transportation Security
Administration, U.S. Department of Homeland
Security,

Defendant-Appellee.

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 3:04-CV-1219)
_____

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Plaintiffs American Federation of Government Employees Local 1 (the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

Union) and Justin McCrary appeal the district court's dismissal of their suit for lack of subject matter jurisdiction and failure to state a claim. Reviewing de novo, we affirm in part, vacate in part, and remand for the following reasons:

1. Our appellate jurisdiction in this case is limited initially to determining whether the district court had jurisdiction under the Little Tucker Act, 28 U.S.C. § 1346(a). 28 U.S.C. § 1295(a)(2); *Smith v. Orr*, 855 F.2d 1544, 1547-52 (Fed. Cir. 1988).

2. We conclude that the Union lacked representational standing because McCrary's individual involvement in the case is necessary. *Friends of the Earth v. Laidla Envtl. Servs.*, 528 U.S. 167, 181 (2000) (stating that representational standing requires that neither the claim asserted nor the relief requested requires the participation of individual members of the organization); *Zuspann v. Brown*, 60 F.3d 1156, 1160 (5th Cir. 1995) ("We are free to uphold the district court's judgment on any basis that is supported by the record[.]"). We affirm the dismissal of the Union from the suit.

3. The determination of whether a contract existed between McCrary and the Transportation Security Administration (TSA) requiring payment of the salary specified in the offer letter is determinative of both the

2

district court's jurisdiction under the Little Tucker Act and the merits of McCrary's breach of contract claim. The district court was therefore required to assume jurisdiction and decide the claim on the merits. *Williamson v. Tucker*, 645 F.2d 404, 415-16 (5th Cir. 1981). Because the district court did not so here, we vacate its dismissal of the breach of contract claim for want of jurisdiction and remand for a determination on the merits. Review of that court's judgment on the merits will be available only in the Federal Circuit. 28 U.S.C. § 1295(a)(2).

4. The district court lacked jurisdiction over McCrary's due process claim. The Little Tucker Act provides a waiver of sovereign immunity and a grant of federal jurisdiction over constitutional claims for money damages only where the constitutional provision in question mandates payment of money damages. *United States v. Testan*, 424 U.S. 392, 400-02 (1976). The Due Process Clause is not such a provision. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *Duarte v. United States*, 532 F.2d 850, 852 (2d Cir. 1976). We therefore affirm the district court's dismissal of McCrary's due process claim for lack of jurisdiction. *Zuspann*, 60 F.3d at 1160.

Affirmed in part, vacated in part, and remanded.