IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2007

Charles R. Fulbruge III
Clerk

No. 07-10091
Summary Calendar

LOUISE RHODES

Plaintiff-Appellant

v.

U S OFFICE OF SPECIAL COUNSEL; THOMAS STANTON, SENIOR
ATTORNEY

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-2402

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Louise Rhodes moves to proceed in forma pauperis (IFP) to appeal the district court's dismissal of her civil complaint for lack of subject matter jurisdiction. The district court construed Rhodes's complaint as a breach of contract claim against the United States in excess of $10,000, and therefore concluded that it lacked subject matter jurisdiction under the Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491(a), which vests the Court of Claims with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exclusive jurisdiction over such claims. The Tucker Act is only a jurisdictional statute; it does not create any substantive right enforceable against the United States for damages. United States v. Testan, 424 U.S. 392, 398 (1976). To invoke jurisdiction under the Tucker Act, as relevant to this case, the plaintiff must identify an express or implied contract that provides a separate substantive right to monetary damages against the United States. Griswold v. United States, 61 Fed. Cl. 458, 462 (Fed. Cl. 2004).

By moving for IFP, Rhodes is challenging the district court's certification that IFP status should not be granted on appeal because her appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202. Any determination of whether Rhodes's appeal involves legal points arguable on their merits, however, entails a determination of whether a contract exists, since the presumption that there is a contract is at the heart of both the district court's holding that it lacked subject matter jurisdiction and its certification that the appeal was not taken in good faith. Thus, whether a contract exists is inextricably intertwined with the certification decision.

This court has previously noted that "in reversing the trial court in cases where the merits are so intertwined with the certification decision as to constitute the same issue, the prior expedient practice of determining the merits of the appeal as well as the appropriateness of the IFP status will remain an available appellate disposition." Baugh, 117 F.3d at 202. However, the record is inadequately developed to allow us to employ that option. Because the determination whether a contract exists between the parties is determinative of both the district court's jurisdiction under the Tucker Act and the merits of Rhodes's claim, we decline to determine the merits of the appeal and instead vacate the judgment of the district court and remand the case for further proceedings. See Am. Fed.'n of Gov't Employees Local 1 v. Stone, 146 F.App'x 704 (5th Cir. 2005).

IFP GRANTED; VACATED AND REMANDED.